## Case No. 14,507.

### UNITED STATES v. BALLARD.

[3 McLean, 469.] [1]

Circuit Court, D. Michigan.   Oct. Term, 1844.

LIMITATION OF ACTIONS—CRIMINAL PROSECUTIONS —SECOND INDICTMENT—PERJURY.

1. The thirty-second section of the act of congress of April 30, 1790 [1 Stat. 119], applies to offences created after, as well as before, the act. [Cited in U. S. v. Six Fermenting Tubs, Case No. 16,296.]

2. The indictment, or information, must be found within the limitation of the statute.

3. An indictment within the two years, on which a nolle prosequi was entered, cannot save the statute.

4. A second indictment has no connection with the first.

5. In no sense can the second be considered as an amendment of the first.

Mr. Bates, Dist. Atty., for the United States. Walker & Douglass, for defendant.

OPINION OF THE COURT.   This is an indictment for perjury, charged to have been committed 26th February, 1842, in the oath made by the defendant to his schedule in bankruptcy, filed on that day.   The indictment was found the 18th October, 1844, two years and seven months and some days, after the perjury is charged to have been committed.   A previous indictment, charging the same offence, was found February 1, 1844, on which a nolle prosequi was entered.   The facts, as above related, are submitted by the counsel; and a question is raised, whether the limitation of the statute had not run, before the pending indictment was found.   The act of April 30, 1790, thirty-second section, provides: "Nor shall any person be prosecuted or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offence, or incurring the fine and forfeiture aforesaid."   This limitation extends as well to offences created after, as before the act.   Adams v. Wood, 2 Cranch [6 U. S.] 336; Jones v. U. S., 7 How. [48 U. S.] 681.

Looking only at the second indictment, there would seem to be no doubt that the statute bars the prosecution, as more than two years had elapsed, after the offence was committed, before the indictment was found.   But it is insisted, that the first indictment being found within the two years and the second being found shortly after the abandonment of the first, prevent the bar under the statute.

The first indictment had no connection with the second.   In no sense can the second be considered as an amendment of the first. When a nolle prosequi was entered upon the first indictment, the prosecution was at an end;   and the second indictment must be considered as the commencement of a new prosecution.   The statute does not refer to the exhibition of the charge, but to the indictment or information.   The charge, therefore, must be sanctioned by the grand jury, in one of the forms designated, within two years after the offence has been committed.   This not having been done in the present case, the act must be held to bar the prosecution.

---

## Case No. 14,508.

### UNITED STATES v. The BALTIC.

[The case reported under the above title in 7 Int. Rev. Rec. 77, is the same as Case No. 821.]