## No. 6033.

### STATE OF LOUISIANA VS. HENRY CASON.

Section 986 of the Revised Statutes does not protect the defendant in his plea of prescription of one year in bar to the prosecution instituted against him for a criminal offense alleged to have been committed on the thirty-first of July, 1874. Upon the indictment, which had been found within the limited time, a *nolle prosequi* was entered, and on the eighth of November, 1875, defendant was proceeded against by information. Thus the information which followed the indictment cannot be considered as the first charge made against him. The law was complied with when the indictment was found.

If the prosecuting officer finds that the indictment is defective, he can enter a *nolle prosequi* and proceed regularly, although more than a year has elapsed from the finding of the indictment to the filing of the information.

The judge a quo erred in not permitting the counsel for the accused, on the trial of the case, to make an argument to the jury on the subject of the prescription of the crime, on the ground that it was not their province to decide whether the case was prescribed or not.

Whether or not the crime charged was prescribed, was a matter of fact as well as law, and upon both the fact and the law the jury had the power to pass, and upon both the fact and the law the prisoner had a right, through his counsel, to be heard.

If, as the judge a quo alleges, the bill of exceptions, as presented, does not present the question fairly, he should not have signed it, and should have seen that the bill stated the facts as they occurred.

APPEAL from the Fourteenth Judicial District Court, parish of Richland. *Ray*, J. Criminal case. *C. T. Dunn*, District Attorney, and *A. P. Field*, Attorney General, for plaintiff and appellee. *H. P. Wells*, for defendant and appellant.

MORGAN, J. Indictment was found against the prisoner, charging him with having, on the thirty-first of July, 1874, feloniously attempted, by threats and intimidation, to prevent one Solomon Blum from testifying in a criminal prosecution, in the case of the State vs. William Nichols. Upon this indictment a *nolle pros.* was entered, and on the eighth of November, 1875, he was proceeded against by information. He was convicted and sentenced to two years imprisonment at hard labor in the Penitentiary.

He pleads the prescription of one year. Section 986 of the Revised Statutes, upon which he rests his plea, provides that "no person shall be prosecuted, tried, or punished for any offense, willful murder, arson, robbery, forgery, and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer having the power to direct the investigation or prosecution." The limitation, however, does not apply to any person absconding or fleeing from justice.

We do not think the statute protects him. The indictment was found within the time limited by law. The information followed the indictment, and cannot be considered as the first charge made against him. The law was complied with when the indictment was found, and, as we read the law, all that is necessary in such cases is that the indictment shall be found within one year after the offense shall have been made known to a public officer having the power to direct the investigation or prosecution. If the prosecuting officer finds that the indictment is defective, he can, in our opinion, enter a *nolle pros.* and proceed regularly, although more than a year has elapsed from the finding of the indictment, to the filing of the information. In the cases reported in 7 An. 256; 17 An. 69; 19 An. 76, 90, relied upon by the appellant, no proceedings had been commenced until more than a year had elapsed from the time the crime charged against the prisoners had been committed.

It is urged that the motion in arrest of judgment should have been sustained, because it appears on the face of the information that the offense charged is barred by the statute. If the information stood alone, the position would, probably, be correct. But we take the record as we find it, and in it we find the admission that an indictment had been found before the information was filed. The indictment, we think, took the case out of the statute of limitations. The same remarks apply to the case in 23 An. page 433.

On the trial, and when the counsel for the prisoner was addressing the jury, and while he was reading section 986 of the Revised Statutes, he was stopped by the judge and was informed that he would not be permitted to make an argument to the jury on the subject of the prescription of the crime, as it was not their province to decide whether the case was prescribed or not. At least this is what is stated in the bill of exceptions which we find in the record. The judge, it is true, says that he does not think the bill as presented states the question fairly. If so, he should not have signed it. He should have seen that the bill stated the facts as they occurred; but we are satisfied, from his own statement, that the fact is substantially as stated.

In this particular he erred. Whether or no the crime charged was

prescribed was a matter of fact as well as of law, and upon both the facts and the law the jury had the power to pass, and upon both the facts and the law the prisoner had a right, through his counsel, to be heard.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that the case be remanded to be proceeded in according to law and according to the views herein expressed.