The opinion of the court was delivered by
Egan, J.
This is an information for breaking and entering a storehouse in the night time, with intent to steal.
The only question which we deem it necessary to consider is the plea ■of prescription, which is alleged to have been improperly overruled. This information was filed on the twentieth of April, 1878, while the offense is charged to have been committed on the twenty-seventh of September, 1876. It was, therefore, clearly prescribed, unless some legal cause to the contrary is shown. The cause shown and alleged in the information is the institution of a former prosecution against the same defendant for the same offense within less than one year from the time of its commission. It appears that the accused was tried and found guilty under *1167 the former prosecution, and on appeal to this court that the conviction, was set aside and the prosecution dismissed for defects in the information ; whereupon, the present prosecution was instituted.
We recently reviewed the authorities, and especially the State vs. Cason, 28 A. 40, relied upon by the district attorney, in which it was held by our immediate predecessors that although a nolle prosequi had been entered in a former prosecution for the same offense, the existence of the prosecution was sufficient to interrupt prescription. Such would certainly not have been the effect of the institution and voluntary abandonment of a civil suit; and we held in the case referred to, which is yet unreported, that no more did it interrupt prescription in a criminal case.
It has often and uniformly been held both in this State and elseT where that in order to make a former conviction or acquittal available to the accused in a subsequent prosecution for the same offense the former proceedings and indictment must have been lawful. See 7 A. 256; State vs. Foster, 8 A. 290; 16 A. 400; Waterman’s Crim. Digest, p. 227, sec. 45, et seq., and cases cited. If such be the rule against the accused in a criminal proceeding where the courts and the law always lean “ in favorem libertatis ” it is difficult to perceive any good reason why the contrary should be held in favor of the State or the matter of prescription. It would seem hardly to be even-handed justice. None of the authorities relied on by the counsel for the accused bear upon the precise question in the present ease, except Wharton’s Am. Crim. Law, sec. 436 (a), under which in note (d) we find a reference to the ease of the United States vs. Slocum, 1 Cr. C. C. 485, in which it was held that the finding of an informal presentment is not sufficient to take the case out of the statute; nor will a former indictment on which a nolle prosequi was entered; United States vs. Bellard, 3 McLean, 469. Such, too, we ■think has been the general practice and interpretation of the law in this State, and we think it correct. An illegal or void prosecution is equivalent to no prosecution, and under it the accused, on the one hand, is con■si4ered as having never been in jeopardy, while, on the other, it is without legal effect in favor of the State to interrupt prescription. We should have been better pleased had the question arisen when we had large access to authorities, but in view of the humanity of the law, and liberty of the citizen, and of the absence of any statutory provision similar to that in civil eases, and of any reference to authority to the contrary on behalf of the State, we are unwilling to sanction a practice liable to so great abuse and possible injury to the citizen,
It is therefore ordered and decreed that the verdict and sentence ■appealed from be and they are avoided and set aside; that the defendant’s plea of prescription be maintained, and that he go hence without •day.