### THE STATE v. JOHN MORRIS.

*Verdict, Special—Indictment—Presentment—Statute of Limitations—Grand Jury.*

1. A formal verdict, in accordance with the opinion of the Court, must be entered upon a special verdict before judgment can be pronounced.

2. A presentment is an accusation made by the grand jury, *ex mero motu*, and without any bill of indictment laid before them, founded either upon facts within their knowledge, or that of one of their number, or upon credible information given them.

3. Where a bill for a misdemeanor was sent to a grand jury, which began an investigation, but "continued" the case for want of material witnesses, returning the bill with that endorsement into Court with their presentments, where it was entered of record, and at a subsequent term of the Court, but more than two years after the commission of the offence, the bill was sent to another grand jury, which found it true: *Held*, not to be a presentment, and that the prosecution was barred.

This was an Indictment for killing a Hog in an enclosure not surrounded by a lawful fence, tried at the Fall Term, 1889, of the Superior Court of MONTGOMERY County, before *Merrimon, J.*

The jury returned the following special verdict, viz.: That in the month of January, two years prior to January, 1889, the defendant shot and killed the hog of W. S. Crawford, in a territory where the stock-law does not prevail, and that it was shot near the residence of defendant's father, whose farm was within an enclosure including several farms, and amongst others, the farm and land of W. S. Crawford; that the land of the said Crawford and Morris (both within this neighborhood fence, but not a stock-law fence), were separated by a small creek over which stock could easily pass; that this bill of indictment was drawn by the Solicitor at the Fall

Term, 1888, of the Superior Court of Montgomery, and sent before the grand jury at that term, and that a subpœna issued for the defendant, marked on the back of it to the said term, but the grand jury did not call before them and examine at the said term but two of the four witnesses, to-wit, W. S. Crawford and George Henderson, for the reason that the other two witnesses were not subpœnaed to said Fall Term, 1888. The grand jury thereupon, through its foreman, made this endorsement upon the bill: 'Continued. Witnesses marked X sworn and examined; Lee Crawford (meaning Morris) and John Crawford not summoned; continued for the want of evidence. A. E. Ewing, Foreman Grand Jury.'

"At the time the witness W. S. Crawford was examined before the grand jury, he being the prosecutor, he was informed by the grand jury that the bill could not be acted on till Lee Morris could appear.

"The bill thus continued by the grand jury, was returned by them to the said Court at the Fall Term, 1888, of said Court, and continued as above stated, and the same was docketed along with the presentments of the grand jury made at said term, but the grand jury made no presentment of the case, and the witnesses subpœnaed by the Clerk to the Spring Term, 1889, of this Court, when the bill was again sent before the grand jury, and found a true bill at said Spring Term, 1889.

"If, upon these facts, the Court be of the opinion that the defendant is guilty, the jury so find; otherwise, not guilty."

Upon these facts, his Honor was of the opinion that the action was not begun within two years of the commission of the offence, and it was, therefore, considered and adjudged by the Court that the indictment was barred by the statute of limitations, and that the defendant was not guilty.

From this judgment of the Court, the Solicitor for the State appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

AVERY, J.—after stating the facts: The Court "must say upon the facts found (as a special verdict) that in law they constitute or do not constitute the offence charged, and *thereupon the verdict of the jury is entered in accordance with the opinion of the Court." State v. Bray,* 89 N. C., 480 ; *State v. Stewart,* 91 N. C., 566. So the law is written. The rule laid down by the Court has not been followed, and there must be a new trial.

But the defendant also relied upon the statute of limitations as a bar to the prosecution, and if that question is not discussed now the probable result of omitting to do so will be to bring the case up again on the same point. A presentment is an accusation made, *ex mero motu,* by a grand jury of an offence upon their own observation and knowledge, or upon evidence before them, and *without any bill of indictment laid before them,* at the suit of the government. The presentment is founded either upon facts of which the grand jury, or some member of that body, actually had knowledge, or upon specific information given in good faith and deemed by them to be credible. *State v. Wilcox* (decided at this term). Bouvier's Law Dic., 4 Bl. Com., 301. "An indictment is a written accusation of an offence, preferred and presented upon oath as true by a grand jury at the suit of the government." The paper was brought into Court in the regular way by the foreman of the grand jury, presented to the Court and recorded on the minutes with the presentments, and if, under the accepted definitions, we could hold it sufficient in form to constitute a presentment, the prosecution would not be barred.

But it is a paper drawn in the form of an indictment and originating, not with the grand jury, but prepared and signed by the Solicitor. This Court has held that the sending of another indictment at a term held before the prosecution was barred for the same offence, does not prevent the bar of the statute as to one sent subsequently and after the lapse of the period prescribed by statute as the limit. *State v. Tomlinson,* 3 Ired., 32. We concur with his Honor in his holding that the prosecution was barred by the statute; but for the other defect there must be a new trial. We suppose, however, that upon the state of facts found in the verdict, the Solicitor, in view of the ruling of this Court, will enter a *nolle prosequi.*

Error.