THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* DOLORES LUGO, Defendant and Appellee.

No. 8192. Argued January 14, 1941.—Decided March 7, 1941.

*George A. Malcolm, Attorney General of Puerto Rico, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellant; *Leopoldo Tormes García,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The question involved in this case is whether the criminal action exercised by The People through the District Attorney of Ponce has prescribed.

On January 19, 1940, an information was filed against Dolores Lugo charging him with an offense of attack with the intent to commit manslaughter, committed on August 15, 1936. When arraigned the defendant pleaded not guilty and requested a trial by jury. Five days later he filed a motion praying for the dismissal of the case because the action had prescribed. The district attorney opposed the motion and the court after hearing the parties granted said motion and thereafter ordered the dismissal and filing away of the case. The district attorney has filed the present appeal in the name of The People.

The trial judge, in his order rendered in open court, stated that it had been shown that the defendant had been arrested for the same offense, first on September 10, 1936, the information being filed against him on September 29, said information being dismissed on March 1, 1939, because the trial had not been held within the proper time "without prejudice that the district attorney may file a new information if he so deems proper"; that he was again arrested for the same offense on May 23, 1939, and that a new information was filed against him on June 5, which information was also dismissed for the same reason and in the same manner on November 22, 1939; that on the latter date his arrest was again ordered and he was held to answer the last information, the one of January 19, 1940. The judge then said:

"In the case of *People* v. *Capestany*, 37 P.R.R. 547, it is said: 'The time for the prescription of criminal actions for felonies other than murder, embezzlement of public money, or falsification of public records, begins to run from the date of the warrant for the arrest of the accused, or from the date of filing the information.'

"This Court believes that although the accused was arrested for the first time in the criminal cause No. 6087, on September 10, 1936, said cause was dismissed and filed away and the defendant set free, and therefore it had no value or legal effect of any kind . . . that the accused was arrested in criminal cause No. 8065, around May, 1939, and the fact is that this same defendant was again set free by virtue of the dismissal and filing away of the case by order of this Court on November 22, 1939, and the defendant remained free. . . . This Court understands therefore, that the two cases previously filed against the defendant Dolores Lugo for the offense of attack with intent to commit manslaughter were completely dismissed and the defendant set free which means, in our opinion, that before this Court there has been no previous case against this defendant because the informations were dismissed, he was set free and his bonds were cancelled.

"Therefore, this Court considers that the only warrant for arrest filed in this case is the one of November 22, 1939, because the other two can not be considered as interrupting the prescription, because that which does not exist, can not be given consideration, and if the warrant for arrest was issued on November 22, 1939, and the offense committed on August 15, 1936, the court understands that the term of three years within which to file the information has already expired and therefore it considers that the offense charged to the defendant, attack with the intent to commit manslaughter, has prescribed according to Section 78 of our Penal Code."

The prosecuting attorney alleges that said order is erroneous because the term of three years fixed by Section 78 of the Penal Code for the limitation of actions in a case like the one at bar was interrupted by the warrant for arrest of September 10, 1936, and the subsequent filing of the first information on September 29, 1936, and by the warrant for arrest of May 23, 1939, and the filing of the second information on June 5, 1939, and that therefore the cause of action still existed when the arrest of November 22, 1939, was

made and when the third information was filed on January 19, 1940.

The law limits itself to state the prescriptive term in this way: "The prosecution for any felony . . . must be commenced within three years after its commission." Section 78 of the Penal Code. Nothing is said as to the interruption of the term.

This being so, can the court hold that although more than three years have elapsed from the date when the offense was committed until the date when the arrest which served as basis for the information was made, the criminal action still exists because other arrests were performed and other informations were filed within the prescriptive term, although these other informations had been dismissed and filed away because the corresponding trials were not held within the proper time, and although the liberty of the defendant had been ordered and the bonds given in order to be released on bail, had been cancelled?

In our opinion the court can not so hold. It is true that Section 452 of the Code of Criminal Procedure provides that in felony cases the dismissal ordered according to Section 448 does not prevent a second prosecution and that in this case the district court stated, when it ordered the dismissal of previous informations, that it was done without prejudice to the filing of other informations, but the law as well as the order must be construed in harmony with another legal provision which is also in force, to wit, that which establishes that a criminal action must be begun within three years from the commission of the offense. If those three years had not elapsed, the law and the order could be applied, but as they have elapsed, it can not be done. Both legal provisions, Section 78 of the Penal Code, and Section 452 of the Code of Criminal Procedure must be construed in harmony, so that both may have force together.

This matter of the interruption of the prescriptive term has been discussed at length in A.L.R., in the annotation

to the case of *State ex rel. Melson* v. *Peeler* (197 Fla. 615; 146 So. 188).

The introduction to the note is as follows:

"The subject of this annotation presents for consideration the construction and application of three classes of statutes limiting the time within which criminal proceedings may be commenced, so far as such statutes relate to the running of the statutory period as affected by the finding and return of an indictment or the filing of an information. The three classes are as follows: (1) Statutes which provide that an indictment must be found and returned within a specified time after the commission of the offense charged; (2) statutes which do not refer to the time of the finding of an indictment or the filing of information, but merely provide that prosecutions must be commenced within a specified time; and (3) statutes which provide that, if an indictment is quashed, set aside, dismissed, or otherwise fails, and a new indictment is found or a new information is filed, the time elapsing between the return or filing of the two indictments or informations respectively shall not be counted as part of the period of limitation, or that a new indictment may be found and returned or a new information filed within a specified time after the first indictment or information was quashed, etc." 90 A.L.R. 452.

Our act, as it was interpreted in *People* v. *Capestany,* 37 P.R.R. 547, belongs to the second class of statutes, and hence for them as well as for the first, it is said in the annotation:

"VII. New proceeding after dismissal, nonsuit, or other failure of original prosecution.

"*a.* In absence of statute suspending running of statute.

"1. Majority rule.

"It is generally held that the return of an indictment or the filing of an information on which no valid conviction or judgment can be had will not operate to stop the running of the Statute of Limitations pending the return or filing of another indictment or information, in the absence of a statute expressly so providing. *United States* v. *Ballard,* (1844; C. C.) 3 McLean, 469, Fed. Cas. No. 14,507; *United States* v. *Baker,* (1931; C.C.A. 2d) 50 F. (2d) 122 (making no mention of the Federal statute (U.S.C. title 18, sec. 582) as amended in 1927, which provides that the three-year limitation within which an indictment shall be found does not apply to

any offense for which an indictment has been previously found, etc.; see *Grimsley* v. *United States*, (1931; C.C.A. 5th) 50 F. (2d) 509, infra, VII. b, 1, which was decided under this statute); *State* v. *Bilboa*, (1923) 38 Idaho 98, 222 Pac. 785 (reversing judgment on rehearing in (1923) 38 Idaho 92, 213 Pac. 1025); *State* v. *Hall*, (1923) 38 Idaho 119, 222 Pac. 793 (reversing on rehearing (1923) 38 Idaho 119, 213 Pac. 1027); *State* v. *Disbrow*, (1906) 130 Iowa, 19, 106 N. W. 263, 8 Ann. Cas. 190; *State* v. *Thomas*, (1878) 30 La. Ann. 301; *State* v. *Baker*, (1878) 30 La. Ann. 1134, overruling *State* v. *Cason*, (1876) 28 La. Ann. 40; *State* v. *Curtis*, (1878) 30 La. Ann. 1166; *State* v. *Morrison*, (1879) 31 La. Ann. 211; *State* v. *Vines*, (1882) 34 La. Ann. 1073; *State* v. *Precovara*, (1897) 49 La. Ann. 593, 21 So. 724; *State* v. *Tomlinson*, (1842) 25 N. C. (3 Ired. L.) 32; *State* v. *Morris*, (1889) 104 N.C. 837, 10 S.E. 454; *Redfield* v. *State*, (1859) 24 Tex. 133.

"In *United States* v. *Ballard*, (1844; C. C.) 3 McLean, 469, Fed. Cas. No. 14,507, the defendant was indicted for perjury within the two-year limitation applicable to the offense. To this indictment a nolle prosequi was entered, and later, after the limitation had run, another indictment was returned. The court held that the prosecution of the offense was barred, saying: 'The first indictment had no connection with the second. In no sense can the second be considered as an amendment of the first. When a nolle prosequi was entered upon the first indictment, the prosecution was at an end; and the second indictment must be considered as the commencement of a new prosecution.'

" .        .        .        .        .        .        .        .

"2. Minority rule.

"In a few jurisdictions where the prosecution of an offense must be 'commenced' within a specified time, it has been held that a prosecution under an indictment or information returned or filed after the statutory period for prosecution has elapsed will not be barred where a previous indictment or information had been returned or filed within the statutory period, charging the same offense, but which was quashed, set aside, or dismissed, and the case directed to be resubmitted. The theory of these cases is that the first indictment or information suspended the operation of the statute, and that a proceeding under a subsequent indictment or information was a mere continuation of the first." 90 A.L.R. 456, 457, 458.

The theory stated and held by us is therefore in harmony with that of most jurisdictions in the continental States,

which seems to us not only the fairest but the most appropriate to be applied in this island where informations are filed by the district attorney.

The appeal must be dismissed and the order appealed from affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.