STATE OF NORTH CAROLINA v. PADEN H. COLE, JR., TOM T. COLE, JACK BARTLETT, CHARLES BARTLETT, HAROLD G. BARTLETT AND DANIEL K. WRIGHT

No. 43

(Filed 24 January 1978)

1. Indictment and Warrant § 7 — presentment defined

A presentment does not institute a criminal proceeding but is only a device whereby the grand jury brings to the attention of the district attorney *subject matter* which requires investigation by the district attorney and the submission of a properly drawn indictment to the grand jury when the facts so warrant.

2. Indictment and Warrant § 7; Criminal Law § 16.1 — misdemeanor charge initiated by presentment — original jurisdiction of superior court

A charge in indictments for the misdemeanor of possessing a dead game animal, a bear, which was taken in closed season in Tyrrell County in violation of G.S. 113-103 was initiated by presentment although the presentment charged the different offense of violating the N. C. Game Laws by "taking and possessing a bear in Tyrrell County during closed season," since the language in the presentment and that contained in the indictments dealt with the same subject matter. Therefore, the superior court had original jurisdiction of the misdemeanor charge under the statute giving it jurisdiction to try a misdemeanor when the charge is initiated by presentment, G.S. 7A-271.

3. Animals § 7 — possessing dead bear in Tyrrell County on 16 November 1974 — no charge of crime

Indictments charging defendants with possessing on 16 November 1974 a dead game animal, a bear, which was taken during closed season in Tyrrell County in violation of Chapter 103 of the 1973 Session Laws and G.S. 113-103 do not charge a crime since Chapter 103 does not prohibit the possession of a dead bear but only the taking or hunting of a bear in Tyrrell County between 9 June 1973 and 9 June 1975, possession of a dead bear on November 16 is not a violation of G.S. 113-103 because the statute fixes the "open season" on bear as October 1 to January 1 of each year, and the two statutes cannot be combined so as to create a new crime.

ON certiorari to review the decision of the Court of Appeals reported in 33 N.C. App. 48, 234 S.E. 2d 191, which vacated the judgment of *Webb, J.*, entered at the 28 June 1976 Session of MARTIN County Superior Court.

Defendants were tried originally in Tyrrell County District Court under warrants which charged that:

. . . on or about the 16th day of November, 1974, the defendant(s) named above did unlawfully, wilfully, and (sic)

(1) hunt bear in the county of Tyrrell at a prohibited time, to wit: between the dates of June 9, 1973 and June 9, 1975, to wit: on the 16th day of November 1974.

(2) have in his possession a wild animal, to wit: a bear, knowing the same to have been taken during the closed season.

The offense charged here was committed against the peace and dignity of the State and in violation of law North Carolina 1973 Session Law Chapter 103, House Bill 398 and G.S. 113-103 and 113-104.

These cases came on to be heard before Judge Hallett S. Ward in the Tyrrell County District Court who found defendants not guilty on the first count, guilty on the second count and thereupon entered the following judgment:

JUDGMENT: It is ordered that Defendant: pay the costs of court, not violate any laws of Article 7, Chapter 113 GS of NC for 1 year, pay to CSC $100.00 for use of Wildlife Resources Commission—Fish & Game Div.

This the 18 day of Dec., 1974.

Defendants appealed to superior court where they moved to dismiss on the ground that the second count in the warrants did not charge a crime. Judge Rouse allowed the motions on the 15th day of September 1975. On the same day, new warrants were issued charging that defendants ". . . did unlawfully possess a dead game animal, a bear, which was taken during closed season in Tyrrell County, said season being closed by Chapter 103, House Bill 398 of the 1973 Session Laws of North Carolina . . . and in violation of G.S. 113-103." Judge Charles H. Manning, Chief District Court Judge, dismissed the charges with prejudice. On 20 April 1975 the Tyrrell County Grand Jury by presentment charged that on 16 November 1974 defendants "violated the game laws of the State of North Carolina by taking and possessing a bear in Tyrrell County during closed season, contrary to Chapter 103 of the 1973 North Carolina Session Laws and G.S. 113." On the same day, indictments were returned against defendants charging that each of them on 16 November 1974 in Tyrrell County did unlawfully and wilfully "possess a dead game animal, a bear, which was taken during closed season in Tyrrell County, said season being closed by Chapter 103, House Bill 398 of the

1973 Session Laws of the North Carolina General Assembly and protected by the laws of North Carolina pursuant to G.S. 113-102(2) because said season was closed and done in violation of G.S. 113-103."

On 21 April 1976, defendants appeared in superior court and moved to dismiss on the ground, among others, that the superior court was without jurisdiction, the original jurisdiction of the cases being in the district court. Judge Webb ordered that Judge Manning's order dismissing the new warrants be reversed and that the cases be returned to the District Court of Tyrrell County for trial. Nevertheless, on motion of the State, agreed to by defendants, the cases were transferred to Martin County Superior Court for trial. The jury found defendants guilty as charged in the bills of indictment and defendants appealed.

The Court of Appeals held that the superior court had no original jurisdiction to try these cases and remanded them to Martin County Superior Court with direction that they be returned to the District Court in Tyrrell County for disposition. We allowed the State's petition for discretionary review on 13 June 1977.

*Rufus L. Edmisten, Attorney General, by George W. Lennon, Associate Attorney, for the State.*

*Wilkinson and Vosburgh by John A. Wilkinson for defendant appellants.*

BRANCH, Justice.

The threshold question presented by this appeal is whether the Court of Appeals erred in holding that the Superior Court of Martin County did not have original jurisdiction to try defendants on the *misdemeanor* charges of possessing a dead game animal, a bear, which was taken during closed season in Tyrrell County in violation of G.S. 113-103 and Chapter 103 of the 1973 Session Laws.

The district court division has exclusive original jurisdiction of criminal actions below the grade of felony, G.S. 7A-272, unless otherwise provided by G.S. 7A-271. One of the provisions of G.S. 7A-271 is that the superior court has jurisdiction to try a misdemeanor when the charge is initiated by presentment. The State

contends that the misdemeanor charges here involved were initiated by presentment. In reaching a contrary conclusion, the Court of Appeals noted that the presentment in instant case alleged that defendants violated the North Carolina Game Laws "by taking and possessing a bear in Tyrrell County during closed season contrary to Chapter 103 of the 1973 North Carolina Session Laws and G.S. 113" and that the bills of indictment under which defendants were tried charged that defendants violated the North Carolina laws by "possessing a dead game animal in violation of G.S. 113-103." The Court of Appeals held that the offense charged in the presentment was different than that charged in the indictments and reasoned that these cases had not been initiated by presentment within the exception contained in subsection (2) of G.S. 7A-271(a) so as to confer original jurisdiction upon the Martin County Superior Court.

In the landmark decision of *State v. Thomas*, 236 N.C. 454, 73 S.E. 2d 283, Justice Ervin speaking for the Court reviewed the history and law of the modes of prosecution from the date of the Constitutional Convention in Halifax in 1776 to the date of that opinion in November, 1958. Prior to 1797, an accused could be tried upon an indictment or a presentment. The history of the changes in the modes of prosecution, the reasons therefor, and the effects of such changes are found in the following quote from *Thomas*:

> The experience of early days proved the practice of trying criminal cases upon the presentments of grand jurors to be wholly impracticable. As a consequence, the General Assembly of 1797 outlawed the practice by a statute, which has been retained to this day in slightly changed phraseology, and which now appears in this provision of the General Statutes: "No person shall be arrested on a presentment of the grand jury, or put on trial before any court, but on indictment found by the grand jury, unless otherwise provided by law." G.S. 15-137. Since the adoption of the Act of 1797, a presentment is regarded as nothing more than an instruction by the grand jury to the public prosecuting attorney for framing a bill of indictment for submission to them. *S. v. Cain*, 8 N.C. 352; 42 C.J.S., Indictments and Information, section 7.

The reasons which motivated the General Assembly to abolish the practice of trying criminal cases upon present-ments were summarized in this fashion in *S. v. Guilford,* supra: "Prior to the Act of 1797, it was found that the presentments made by the grand juries were frequently so informal that a trial could not be had upon them, and very frequently the presentment would set out a matter which was not a criminal offense; so that sometimes the citizen was arrested and greatly oppressed when he had committed no violation of the public law, and oftentimes he was put to the trouble and expense of a trial, when, if the public law had been violated, the charge was made without the averments necessary to insure certainty in judicial proceedings, and it was necessary to enter a nol. pros. and send a bill of indict-ment. To remedy these evils, the Act of 1797 was passed, but it made no change in the distinction between an indictment and a presentment."

G.S. 15-137 was repealed by Session Law 1973, C. 1286, s. 26, effective July 1, 1975, and Chapter 15A of the General Statutes was enacted by the same General Assembly, effective, in perti-nent part July 1, 1975. G.S. 15A-641(c) provides:

A presentment is a written accusation by a grand jury, made on its own motion and filed with a superior court, charging a person, or two or more persons jointly, with the commission of one or more criminal offenses. A presentment does not institute criminal proceedings against any person, but the district solicitor is obligated to investigate the fac-tual background of every presentment returned in his district and to submit bills of indictment to the grand jury dealing with the subject matter of any presentments when it is appropriate to do so.

The above-quoted portion of G.S. 15A does not change the law as stated in *State v. Thomas,* supra, but only codifies and clarifies that holding.

[1, 2] A presentment then does not institute a criminal pro-ceeding but is only a device whereby the grand jury brings to the attention of the district attorney *subject matter* which requires investigation by the district attorney and the submission of a properly drawn indictment by him to the grand jury when the

facts so warrant. In instant case, the language of the presentment and that contained in the bills of indictment dealt with the same factual subject matter and the charges contained in the bills of indictment were in fact initiated by presentment. The Court of Appeals, therefore, erred by holding that the Martin County Superior Court was without original jurisdiction since the charges were *initiated* by presentment.

[3] Having held that the Martin County Superior Court had original jurisdiction to try the cases before us, we now turn to the question of whether the bills of indictment, in fact, charge a crime.

Chapter 103 of the 1973 Session Laws of North Carolina (hereinafter referred to as Chapter 103) provides:

Section 1. It shall be unlawful for any person to take or hunt bear in the county of Tyrrell at any time during the next two years.

Sec. 2. Violation of this act shall be a misdemeanor punishable by fine or imprisonment at the discretion of the court.

Sec. 3. This act shall be in full force and effect on and after June 9, 1973.

In the General Assembly read three times and ratified, this the 26th day of March, 1973.

G.S. 113-103 provides in part:

Unlawful possession — The possession, transportation purchase or sale of any dead game animals, dead game birds, or parts thereof during the closed season in North Carolina . . . shall be unlawful . . . .

Obviously, Chapter 103 does not make mere possession of a dead bear a crime. Since G.S. 113-100 fixes the "open season" on bear as October 1 to January 1 of each year, it is equally clear that possession of a dead bear on November 16 is not a violation of G.S. 113-103. It is the State's contention, however, that these two statutes combine to make possession of a dead bear taken in Tyrrell County at any time between 9 June 1973 and 9 June 1975 a misdemeanor.

It is well established that in order for a defendant to be punished for criminal conduct, his actions must fall plainly within the prohibition of the statute which defines the crime. *Donnelley v. U.S.*, 276 U.S. 505; *U.S. v. Bathgate*, 246 U.S. 220. In instant case, defendants' possession of a dead bear was not a violation of Chapter 103 or G.S. 113-103. Statutes which define criminal conduct may not be extended by mere intendment. 1 Wharton's Criminal Procedure, Section 19. To allow prosecution of defendants upon the indictments as drawn would be to grant to grand juries and to prosecutors legislative power to combine separate and independent statutes so as to create a new crime. See, e.g., *U.S. v. Grocery Co.*, 255 U.S. 81; *State v. Hart*, 200 Kan. 153, 434 P. 2d 999.

Examination of the plain and unambiguous language of the two legislative acts discloses that each is a separate and independent statute, requiring proof of different elements, affecting different territories and containing its own respective penalty provisions. Neither refers to the other expressly or by implication so as to make the acts interdependent.

We, therefore, hold that the indictments charging defendants with possessing a dead game animal, a bear, which was taken during closed season in Tyrrell County in violation of Chapter 103 of the 1973 Session Laws and G.S. 113-103 do not charge a crime. Ordinarily, a defect in a bill of indictment may be taken advantage of only by a motion to quash. *State v. Lucas*, 244 N.C. 53, 92 S.E. 2d 401. However, where the indictment does not charge a crime, this Court may, *ex mero motu*, quash the indictment and vacate any judgment rendered thereupon. *State v. Walker*, 249 N.C. 35, 105 S.E. 2d 101; *State v. Stonestreet*, 243 N.C. 28, 89 S.E. 2d 734.

For reasons stated, the decision of the Court of Appeals is reversed, the bills of indictment are quashed, and the verdicts rendered and the judgments imposed thereon are vacated. This cause is remanded to the Court of Appeals with direction that it be remanded to the Superior Court of Martin County for action consistent with this opinion and for dismissal of the charges.

Reversed—bills of indictment quashed—judgments vacated and actions dismissed.