IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-527

 Filed: 18 December 2018

Pitt County, No. 16CRS50001

STATE OF NORTH CAROLINA

 v.

SAMANTHA LEIGH BAKER, Defendant.

 Appeal by State from order entered 27 November 2017 by Judge Marvin K.

Blount, III, in Pitt County Superior Court. Heard in the Court of Appeals 15

November 2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 The Robinson Law Firm, P.A., by Leslie S. Robinson for Defendant-Appellee.

 INMAN, Judge.

 The State appeals from the superior court’s order dismissing misdemeanor

charges against Samantha Leigh Baker (“Defendant”) for lack of subject matter

jurisdiction. After careful review of the record and applicable law, we affirm the

superior court’s ruling that the State improperly circumvented district court

jurisdiction by simultaneously obtaining a presentment and indictment from a grand

jury, but we hold that the charges are not subject to dismissal. We affirm in part,

reverse in part, and remand.
 STATE V. BAKER

 Opinion of the Court

 I. Factual and Procedural Background

 The record reflects the following facts:

 On 31 December 2015, Defendant was arrested and issued citations for

impaired driving and operating an overcrowded vehicle in Pitt County. After

Defendant’s initial hearing date in Pitt County District Court and before her case was

called for trial, Defendant was indicted by the Pitt County Grand Jury on both

misdemeanor counts and her case was transferred to Pitt County Superior Court.

 In the wake of a decision by this Court holding that impaired driving citations

were insufficient to toll the two-year statute of limitations for prosecution of those

cases,1 the Pitt County District Attorney’s Office employed a novel and unusual

procedure to obtain grand jury presentments and indictments in pending impaired

driving cases. Legal assistants to prosecutors prepared presentments and

indictments identical in content, except for their titles (“PRESENTMENT” versus

“INDICTMENT”) and the description of the grand jury’s action in the foreman’s

signature block (“Bill of Presentment” versus “Bill of Indictment”). After a prosecutor

signed both the presentment and indictment for each impaired driving case, both

 1Assistant District Attorney Phillip Entzminger—the prosecutor who signed the presentment
and indictment at issue—testified that the procedure was in response to a then-recent, but later struck
down, decision rendered by this Court. See State v. Turner, __ N.C. App __, __, 793 S.E.2d 287, 290
(2016) (holding that Section 15-1 of our General Statutes does not toll the two-year statute of
limitations for, inter alia, citations received for driving while impaired), rev’d by __ N.C. __, 817 S.E.2d
173 (2018).

 -2-
 STATE V. BAKER

 Opinion of the Court

documents were combined and placed in a folder for simultaneous delivery to the

grand jury.

 At the start of the next superior court session in which the grand jury was

convened, the prosecutor delivered to a law enforcement officer in charge of the grand

jury, in open court, the folder containing all documents to be reviewed by the grand

jury in that session, including the substantially identical presentments and

indictments for impaired driving cases. When the arresting officer in each impaired

driving case came before the grand jury, the grand jury officer provided to the

testifying officer both the presentment and indictment for that case. As with all

grand jury proceedings, all the testimony and verbal exchanges before the grand jury

occurred behind closed doors and in secret, so no transcript is available of those

proceedings.

 During its session on 27 February 2017, the grand jury considered the

presentment and indictment prepared and signed by the district attorney’s office

charging Defendant with impaired driving and operating an overcrowded vehicle, and

heard testimony from Officer C. Cordena, the officer who had arrested and initially

cited Defendant for those offenses.

 At the end of the 27 February 2017 session, the grand jury foreman, escorted

by the grand jury officer, returned to the courtroom and presented to the presiding

judge the folder containing all the documents reviewed and returned by the grand

 -3-
 STATE V. BAKER

 Opinion of the Court

jury. After the judge reviewed the documents and confirmed in open court that each

had been signed by the grand jury foreman, they were filed with the clerk’s office.2

 Defendant’s case was ultimately called for trial in Pitt County Superior Court.

Defendant filed a motion to dismiss her case for lack of subject matter jurisdiction

due to the constitutional and statutory invalidity of the presentment and indictment

procedure. After a hearing, the superior court on 27 November 2017 granted

Defendant’s motion, concluding that the district attorney’s office had violated

Sections 7A-271 and 15A-641 of our General Statutes and Defendant’s constitutional

rights. The State timely appealed.

 II. Analysis

 A. Standard of Review

 The State argues that the superior court erred in concluding as a matter of law

that it was without jurisdiction to hear Defendant’s case. “Questions of subject

matter jurisdiction are reviewed de novo.” State v. Rogers, __ N.C. App. __, __, 808

S.E.2d 156, 162 (2017).

 The State does not challenge any of the trial court’s findings of fact, so each of

those findings is binding on appeal. State v. Biber, 365 N.C. 162, 167-68, 712 S.E.2d

874, 878 (2011). Conclusions of law drawn from the findings of facts are reviewed de

novo. State v. Williams, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008). “Under a de

 2 The grand jury proceedings took place from 10:01 am until 3:52 pm. In that time span, the
grand jury returned 286 true bills of indictments, 34 presentments, and one no true bill.

 -4-
 STATE V. BAKER

 Opinion of the Court

novo review, the court considers the matter anew and freely substitutes its own

judgment for that of the lower tribunal.” Id. at 628, 669 S.E.2d at 294 (quotations

and citations omitted).

 B. Presentment and Indictment

 The district court is vested with exclusive jurisdiction for most misdemeanor

cases. N.C. Gen. Stat. § 7A-272(a) (2017). The superior court attains original

jurisdiction for misdemeanor actions only if, among other independent reasons, “the

charge is initiated by presentment.” N.C. Gen. Stat. § 7A-271(a)(2) (2017).

 A presentment is a written accusation by a grand jury,
 made on its own motion and filed with a superior court,
 charging a person, or two or more persons jointly, with the
 commission of one or more criminal offenses. A
 presentment does not institute criminal proceedings
 against any person, but the district attorney is obligated to
 investigate the factual background of every presentment
 returned in his district and to submit bills of indictment to
 the grand jury dealing with the subject matter of any
 presentments when it is appropriate to do so.

N.C. Gen. Stat. § 15A-641(c) (2017) (emphasis added). An indictment, by contrast,

“is a written accusation by a grand jury, filed with a superior court, charging a person

with the commission of one or more criminal offenses.” N.C. Gen. Stat. § 15A-641(a)

(2017). The plain language of Section 15A-641 precludes a grand jury from issuing a

presentment and indictment on the same charges absent an investigation by the

prosecutor following the presentment and prior to the indictment.

 -5-
 STATE V. BAKER

 Opinion of the Court

 The State argues that Section 15A-641 conflicts with Section 15A-644,

requiring a contrary conclusion. Section 15A-644 provides that a valid presentment

“must contain everything required of an indictment” except that the statutory

requirement for the prosecutor’s signature “do[es] not apply.”3 N.C. Gen. Stat. § 15A-

644(c) (2017). An indictment must contain (1) the superior court’s name; (2) the title

of the action; (3) the criminal offense charged; (4) the prosecutor’s signature, though

its absence is not fatal; and (5) the grand jury foreman’s signature attesting the grand

jury’s unanimous concurrence. Id. § 15A-644(a). The State asserts that Section 15A-

644(c) governs the procedure for presentments, and that because the presentment

here meets all the requirements of Section 15A-644(c), it is valid.

 The State further asserts that Section 15A-641(c) is merely a definitional

provision, intending to only parallel the common law definition of a presentment.

 The State confuses the issue in this case. It is not the sufficiency of the

presentment form and contents that is at issue, but the presentment’s simultaneous

occurrence with the State’s indictment that makes both invalid. Also, contrary to the

State’s argument, the second sentence of Section 15A-641(c) does in fact dictate what

procedure must occur before an indictment can be provided. A valid presentment

instructs the prosecutor to perform an investigation, without an accompanying

 3 Because we base our decision today on the timing of the presentment and the indictment, not
the substance of the presentment, we need not address the issue of whether a prosecutor’s signature
on a presentment form given to the grand jury violates Section 15A-644.

 -6-
 STATE V. BAKER

 Opinion of the Court

indictment, into suspected illegal activity. N.C. Gen. Stat. § 15A-641(c); State v.

Morris, 104 N.C. 837, 839, 10 S.E. 454, 455 (1889).4 This procedural requirement,

while also defining what a presentment is, was not followed in this case. Contrary to

the State’s argument, Sections 15A-644(c) and 15A-641(c) do not conflict with each

other. One merely defines what a presentment is and what it instructs, while the

other provides what an otherwise valid presentment must contain.

 Section 15A-641 was “intended to set out the North Carolina common law

relating to the definitions of indictment . . . and presentment.” N.C. Gen. Stat. § 15A-

641 official commentary (2017). So, in addition to deriving our holding based on the

plain language of the statute, we consider the long history of case law regarding

presentments and indictments to interpret the statute.

 The distinction between an indictment and a presentment dates as far back as

the 1776 Halifax Convention, the genesis of North Carolina’s Constitution. State v.

Thomas, 236 N.C. 454, 457, 73 S.E.2d 283, 285 (1952). Enshrined within Section 8 of

the Declaration of Rights, the 1776 Constitution provided that “no freeman shall be

put to answer any criminal charge, but by indictment, presentment, or

impeachment.” Id. at 457, 73 S.E.2d at 285 (quotations omitted). While North

Carolina’s Constitution was, in relevant part, adjusted in 1797, 1868, and again in

 4 This decision was reprinted in 1920 as 104 N.C. 576.

 -7-
 STATE V. BAKER

 Opinion of the Court

1950, that delineation between presentment and indictment never wavered. Id. at

457, 73 S.E.2d at 285. Article I, Section 22 of our Constitution provides:

 Except in misdemeanor cases initiated in the District
 Court Division, no person shall be put to answer any
 criminal charge but by indictment, presentment, or
 impeachment. . . .

N.C. Const. art. I, § 22 (emphasis added). Historically, similar to the way the

terms are codified now in Section 15A-641, an indictment was referenced in the

“constitutional provision to signify a written accusation of a crime drawn up by the

public prosecuting attorney and submitted to the grand jury . . . as a true bill.”

Thomas, 236 N.C. at 457, 73 S.E.2d at 285. By contrast, a presentment was “an

accusation, made ex mero motu by a grand jury, of an offense, upon their own

observation and knowledge, or upon evidence before them, and without any bill of

indictment laid before them.” Morris, 104 N.C. at 839, 10 S.E. at 455 (emphasis

added). Some duration of time is required for the prosecutor to sufficiently

investigate the grand jury’s directive because the presentment must not stem from

 -8-
 STATE V. BAKER

 Opinion of the Court

“any bill of indictment [brought] before them.”5 Lewis v. Bd. of Comm’rs of Wake

Cnty., 74 N.C. 194, 197 (1876).6

 While the grand jury acts of its own volition for presentments, it can still rely

“upon information from others,” including the prosecutor.7 Thomas, 236 N.C. at 457,

73 S.E.2d at 285; see N.C. Gen. Stat. § 15A-628(a)(4) (2017) (“An investigation may

be initiated upon the concurrence of 12 members of the grand jury itself or upon the

request of the presiding or convening judge or the prosecutor.”); see also State v.

Gunter, 111 N.C. App. 621, 625, 433 S.E.2d 191, 193 (1993) (“[T]he district attorney

presented information to the grand jury regarding the offense, and the grand jury

issued the presentment[.]”).

 Since 1797, presentments have not initiated criminal charges; rather, a

presentment is “nothing more than an instruction by the grand jury to the public

prosecuting attorney to frame a bill of indictment” to submit back to them. State v.

 5 For the first time on appeal, during oral argument, the State asserted that in State v. Cole,
294 N.C. 304, 240 S.E.2d 355 (1978), the North Carolina Supreme Court held that an indictment issued
on the same day as a presentment was valid. Cole is readily distinguishable in fact and law. The
defendant in Cole was tried originally in the district court in 18 December 1974 and only went to the
superior court on appeal. So Cole was not a case in which the superior court had original jurisdiction.
While Defendant’s appeal was pending in superior court, the grand jury returned a presentment and
the district attorney’s office issued an indictment on the same day, though the decision does not state
whether the presentment and indictment occurred simultaneously. Contrary to the State’s rendition,
Cole held that an indictment language must only contain the “same factual subject matter” initiated
by the presentment; that decision did not address the temporal context of the presentment and
indictment. Id. at 309, 240 S.E.2d at 358.
 6 This decision was reprinted in 1957 as 74 N.C. 156.
 7 We agree with the State that the prosecutor did not violate Section 15A-628(a)(4) or the

common law practice of furnishing information to the grand jury—in the guise of the presentment
form and Officer Cordena’s private grand jury testimony—in order to facilitate its investigation.

 -9-
 STATE V. BAKER

 Opinion of the Court

Wall, 271 N.C. 675, 682, 157 S.E.2d 363, 368 (1967) (quotations and citation omitted).

If the delivery of an indictment were not preceded by a factual investigation by the

prosecutor after the return of a presentment, then the presentment, in and of itself,

would institute criminal proceedings. See State v. Guilford, 49 N.C. (4 Jones) 83, 86

(1856) (noting that, prior to 1797, grand jury presentments “were frequently so

informal” that they oppressed citizens who “had committed no violation of the public

law”). A presentment returned simultaneously with an indictment would not be from

the grand jury’s “own knowledge or observation,” or “upon information from others,”

but by the direct endorsement of the prosecutor. Thomas, 236 N.C. at 457, 73 S.E.2d

at 285.

 For all of these reasons, we are unpersuaded by the State’s argument that the

simultaneous submission to, and return of, both a presentment and an indictment in

a misdemeanor case could confer jurisdiction on the superior court.

 Here, the trial court found that the prosecutor “did not investigate the factual

background of the Presentment after it was returned and before the Grand Jury

considered the Indictment” of Defendant on the misdemeanor charges. Instead, “the

prosecutor’s office reviewed the case file prior to the preparation of the Presentment

and Indictment.” Because the prosecutor submitted these documents to the grand

jury simultaneously and they were returned by the grand jury simultaneously, in

contravention of Section 15A-641(c), we hold that each was rendered invalid as a

 - 10 -
 STATE V. BAKER

 Opinion of the Court

matter of law. Because the presentment and indictment were invalid, we affirm the

superior court’s ruling that it did not have subject matter jurisdiction.

 C. Constitutional Issues

 The trial court also concluded that Defendant’s North Carolina constitutional

rights were violated pursuant to Article I, Sections 19, 22, and 23 of our Constitution.

The State and Defendant agree on appeal that only Article I, Section 22 is implicated

in this case.

 Article I, Section 22 provides:

 Except in misdemeanor cases initiated in the District
 Court Division, no person shall be put to answer any
 criminal charge but by indictment, presentment, or
 impeachment. But any person, when represented by
 counsel, may, under such regulations as the General
 Assembly shall prescribe, waive indictment in noncapital
 cases.

N.C. Const. art. I, § 22. Defendant contends she was “put to answer” for her criminal

charges by the invalid presentment and indictment. As discussed supra, the

presentment and indictment were invalid because they were issued and returned in

violation of Sections 7A-271 and 15A-641. As a result of the State’s improper

prosecution in superior court, Defendant had to appear in that court to seek dismissal

of the prosecution and had to appear before this Court following the State’s appeal.

Although we affirm the trial court’s conclusion of law that the superior court

prosecution violated Defendant’s right pursuant to Article I, Section 22, we need not

 - 11 -
 STATE V. BAKER

 Opinion of the Court

determine whether Defendant was prejudiced by the State’s violation of her North

Carolina constitutional right and do not address that issue.

 D. Dismissal Versus Remand to District Court

 The State, pursuant to authorities submitted supplemental to its briefs and in

oral argument, contends that if this Court holds the superior court was without

jurisdiction, the proper remedy is not dismissal but remand to the district court for

proceedings commenced by Defendant’s initial misdemeanor citations. We agree.

 Section 7A-271(c) provides that the superior court, if it does not have

jurisdiction pursuant to Section 7A-721(a), must “transfer[] to the district court any

pending misdemeanor.” N.C. Gen. Stat. § 7A-271(c) (2017). Accordingly, rather than

affirming the trial court’s order of dismissal, we remand to the superior court to enter

an order transferring Defendant’s case to the district court in Pitt County.

 We acknowledge and distinguish this Court’s recent decision in State v. Cole,

__ N.C. App. __, __ S.E.2d __ (2018) (No. COA18-286). In Cole, Defendant was

initially prosecuted, tried, and ultimately found guilty of driving while impaired in

superior court. The superior court held concurrent jurisdiction with the district court

when the grand jury issued a presentment and then, five days later, an indictment

charging the defendant with impaired driving, and then exercised its jurisdiction

when the case went to trial. Id. at __, __ S.E.2d at __; see Gunter, 111 N.C. App. at

624, 433 S.E.2d at 193 (holding that Section 7A-271(a)(2) grants the superior court

 - 12 -
 STATE V. BAKER

 Opinion of the Court

the ability to acquire jurisdiction of a case already pending in district court). On

appeal, the defendant argued that his pretrial motion to dismiss should have been

granted because “the State never dismissed the citation in district court,” which was

still active and pending. Cole, __ N.C. App. at __, __ S.E.2d at __. During the motion

to dismiss hearing, the State admitted that there was no longer a pending district

court case against the defendant. Id. at __, __ S.E.2d at __. We held that (1) “[d]espite

the State’s failure to dismiss the citation in district court, it made clear it had

abandoned its prosecution in district court” in favor of the superior court, serving as

a “functional equivalent of a dismissal;” and (2) once jeopardy attached in the superior

court, the State was precluded from bringing the case a second time in the district

court. Id. at __, __ S.E.2d at __.

 The superior court and district court can under certain circumstances retain

concurrent jurisdiction in a criminal matter. However, when this happens, “the court

first exercising jurisdiction in a particular prosecution obtains jurisdiction to the

exclusion of the other. But when it enters a nolle prosequi it loses jurisdiction and

the other court may proceed.” State v. Karbas, 28 N.C. App. 372, 374, 221 S.E.2d 98,

100 (1976).

 In Cole, there was “no record evidence suggesting the district court exercised

its jurisdiction over the offense after the existence of concurrent jurisdiction with the

superior court.” Cole, __ N.C. App. at __, __ S.E.2d at __. Additionally, the prosecutor

 - 13 -
 STATE V. BAKER

 Opinion of the Court

in Cole made an express statement on the record that there was no longer a pending

district court case because it was “super[s]eded” by the superior court indictment. Id.

at __, __ S.E.2d at __. Unlike in Cole, the superior court in this case failed to attain

jurisdiction over Defendant and the prosecutor made clear that the district court case

was “never dismissed.” Because the superior court was unable to exercise any

jurisdiction, let alone to the exclusion of the district court, Cole’s holding that the

State functionally dismissed the prosecution in district court once the superior court

exercised exclusive jurisdiction is inapposite. Furthermore, jeopardy never attached

against Defendant because the superior court determined it lacked jurisdiction.

 In sum, Section 7A-271(c) instructs the trial court to transfer the misdemeanor

charge to the district court when Section 7A-271(a) cannot be met. While Cole holds

that the State implicitly abandons its prosecution in district court when it proceeds

to trial in superior court and acknowledges its intent on the record not to proceed in

district court, it does not apply here where the superior court failed to even exercise

jurisdiction. Thus, the district court still has authority to exercise jurisdiction over

Defendant’s case and, upon remand, should be transferred thereto.

 III. Conclusion

 We hold that the trial court did not err in concluding that it was without

jurisdiction to hear Defendant’s case because the presentment and indictment were

improperly obtained and were thus invalid. We affirm the trial court’s ruling that

 - 14 -
 STATE V. BAKER

 Opinion of the Court

the prosecution violated Sections 7A-271 and 15A-641 of our General Statutes and

Article I, Section 22 of the North Carolina Constitution. We do not address whether

Defendant was prejudiced by the State’s violation of her North Carolina

constitutional right.

 We hold that the trial court erred in holding that the State violated

Defendant’s rights provided by Article I, Sections 19 and 23 of the North Carolina

Constitution. We also hold that the trial court erred in dismissing the case, rather

than transferring it to the district court upon the finding of a lack of jurisdiction.

 AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER

PROCEEDINGS.

 Judges TYSON and ARROWOOD concur.

 - 15 -