STATE OF NORTH CAROLINA v. PAUL URBAN

No. 7614SC534

(Filed 1 December 1976)

1. Criminal Law § 26— double jeopardy — offense which is element of another offense

　　When an offense is a necessary element in and constitutes an essential part of another offense, and both are in fact only one transaction, a conviction or acquittal of one is a bar to a prosecution of the other.

2. Criminal Law § 26— double jeopardy — conviction of minor offense in inferior court — trial for higher crime

　　Conviction of a minor offense in an inferior court does not bar a prosecution for a higher crime, embracing the former, only where the conviction in the inferior court was a nullity.

3. **Criminal Law § 26— double jeopardy — conviction of misdemeanor possession of marijuana — trial for felonious possession with intent to sell and manufacture**

Where defendant pled guilty in district court to misdemeanor possession of marijuana, the trial of defendant in superior court for felonious possession of the same marijuana with intent to sell or manufacture would subject defendant to double jeopardy as to the lesser included offense of misdemeanor possession.

APPEAL by the State from *Canaday, Judge.* Judgment entered 20 April 1976 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 November 1976.

The State appeals from Judge Canaday's order dismissing three indictments against defendant on the grounds of double jeopardy.

On 12 April 1976 defendant was arraigned on three bills of indictment alleging (1) unlawful and felonious possession, (2) unlawful and felonious possession with intent to sell, and (3) unlawful and felonious possession with intent to manufacture marijuana. The defendant moved to dismiss the indictments on the grounds of double jeopardy. The State presented evidence on the motion tending to show the following:

On the evening of 12 December 1975, police officers searched the defendant's home for narcotics. The police acted under the authority of a proper warrant. They found several persons in the house who were smoking marijuana. They found less than one ounce of marijuana lying on the living room table. A person who identified himself as Joseph McPherson, but who proved to be the defendant, acknowledged ownership of this marijuana. Also, several ounces of marijuana were discovered in the living room closet. Defendant, still claiming to be "McPherson," denied owning this cache of the drug. He was arrested for possession of the smaller quantity of marijuana, taken before a magistrate that night and charged with misdemeanor simple possession under G.S. 90-95(a)(3), (d)(4). The magistrate's order did not specify the amount of marijuana which defendant possessed.

On 17 December 1975, an arrest warrant issued upon a finding of probable cause to believe that on 12 December defendant Paul Urban possessed more than one ounce of marijuana. On 14 January 1976, defendant was indicted for unlawful and felonious possession and possession with intent to sell more than

State v. Urban

one ounce of marijuana. On 2 February 1976, defendant was indicted for possession with intent to manufacture.

On 10 March 1976, defendant pled guilty in district court to misdemeanor simple possession of marijuana as charged in the magistrate's order of 12 December. This order had, by then, been altered to identify the defendant as Paul Urban, not Joseph McPherson. Defendant was sentenced to a 30-day suspended sentence and a $25 fine plus costs.

Defendant's felony case came to trial on 12 April 1976. Defendant moved to dismiss the charges against him on the ground of double jeopardy. After argument by both parties and presentation of evidence by the State describing the search of defendant's house on 12 December, the court ruled on defendant's motion. In its order, filed 20 April 1976, the court found that defendant was charged with both misdemeanor possession and felonious possession of the same unspecified quantity of marijuana found in his house on 12 December 1975. The court further found that defendant pled guilty to misdemeanor possession. Therefore, the court concluded, as a matter of law, that defendant's plea of guilty to misdemeanor possession of an unspecified amount of marijuana barred prosecution for possession of any other marijuana found in defendant's home on 12 December 1976. Based on this conclusion, the court further held that, because possession of a drug is necessarily included within the offenses of possession with intent to sell and possession with intent to manufacture, the indictments for these crimes were also barred. The court dismissed the charges against the defendant, and from this order the State appeals.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Vann & Vann, by Arthur Vann III, for the defendant appellee.*

ARNOLD, Judge.

The evidence discloses only one transaction in which defendant was found to be in constructive possession of both the marijuana found on the table and that found in the closet. The State asserts that there are two different crimes: first, possession of less than one ounce of marijuana, and, second, felonious possession of over one ounce of marijuana with intent to

sell and manufacture. It is the State's position that the trial court erred in allowing defendant's motion to dismiss the bills of indictment for the felony charges on grounds of double jeopardy.

Prohibition against double jeopardy has long been regarded as a part of the "law of the land" in North Carolina. *State v. Preston*, 9 N.C. App. 71, 175 S.E. 2d 705 (1970). In *Benton v. Maryland*, 395 U.S. 784, 23 L.Ed. 2d 707, 89 S.Ct. 2056 (1969), the U. S. Supreme Court decided that the Fifth Amendment prohibition against double jeopardy was made applicable to the states by the Fourteenth Amendment.

[1] The rule, as conceded by the State, is that when an offense is a necessary element in and constitutes an essential part of another offense, and both are in fact only one transaction, a conviction or acquittal of one is a bar to a prosecution to the other. Thus, a plea for misdemeanor possession of marijuana would ordinarily bar further indictments for felonious possession with intent to sell or manufacture because possession is an element of possession with intent to sell or manufacture. As decided by this Court in *State v. Smith*, 27 N.C. App. 568, 219 S.E. 2d 516 (1975), unlawful possession is, by necessity, an included offense within the charge of unlawful possession with intent to sell or deliver.

The State contends, however, that this case comes within an exception to the double jeopardy/lesser included offense rules. The exception asserted by the State was stated, but not applied, in *State v. Birckhead*, 256 N.C. 494, 498, 124 S.E. 2d 838 (1962), and the exception states that "conviction of a minor offense in an inferior court does not bar a prosecution for a higher crime, embracing the former, where the inferior court did not have jurisdiction of the higher crime." In accord with this rule is the United States Supreme Court decision, *Diaz v. U. S.*, 223 U.S. 442, 56 L.Ed. 500, 32 S.Ct. 250 (1912). Mr. Justice Rehnquist notes, in his dissent in *Blackledge v. Perry*, 417 U.S. 21, 32, 40 L.Ed. 2d 628, 94 S.Ct. 2098 (1974), that *Diaz* is still the law. Also relied upon by the State are the nineteenth century cases of *State v. Huntley*, 91 N.C. 617 (1884), and *State v. Shelly*, 98 N.C. 673 (1887).

Under the North Carolina Constitution as it existed in 1884 the justice of the peace had jurisdiction over petty misdemeanors defined as those punishable by not more than 30-days imprison-

ment and $50 fine. The justice of the peace had original and exclusive jurisdiction to try simple assaults where there was no deadly weapon used nor serious damage done. Session Laws 1881, c. 210, Code 1883, § 892. Original and exclusive jurisdiction over assaults using deadly weapons or doing serious damage was in superior court. In *Huntley*, defendant was charged with beating his wife with a rod. A justice of the peace heard evidence and concluded as a matter of law that the rod was not a deadly weapon, and that serious damage was not done, and judgment was entered accordingly. Thereafter, defendant was indicted in superior court for aggravated assault, and he pled lack of jurisdiction by the superior court. On appeal, our Supreme Court did not analyze the case in terms of double jeopardy, but held that the superior court did have jurisdiction to try defendant for the aggravated assault because the justice of the peace had been without jurisdiction to try defendant on the offense raised by the facts.

In *State v. Shelly, supra,* the defense of double jeopardy was raised, discussed and rejected in a case arising out of facts quite similar to *Huntley*. Defendant beat his victim with his fists, blackened one eye and impaired vision in the other. A justice of the peace tried, convicted and fined him for misdemeanor assault. Defendant was thereafter tried and convicted in superior court for an assault in which serious damage was done. The superior court rejected the plea of former jeopardy. Our Supreme Court affirmed, citing *Huntley* for the proposition that the trial before the justice of the peace was a nullity.

[2] Although time may have vitiated *Huntley* and *Shelly* we do not disregard these decisions. As previously noted, the rule relied upon by the State was stated in *State v. Birckhead, supra,* but it was not applied in that case. Nor do we find that the rule was applied in either *Huntley* or *Shelly*. The rule that "conviction of a minor offense in an inferior court does not bar a prosecution for a higher crime, embracing the former, where the inferior court did not have jurisdiction of the higher crime" is supported by decisions of other states, but we do not find it directly applied in this State. The law in North Carolina is that conviction of a minor offense in an inferior court does not bar a prosecution for a higher crime, embracing the former, where the conviction in the inferior court was a *nullity*. That was the holding in *Shelly*. See also, *State v. Price,* 15 N.C. App. 599, 190 S.E. 2d 403 (1972).

[3] To allow defendant's prosecution in superior court for the greater offense in this case would subject him to double jeopardy as to the lesser included offense. The State argues that defendant's guilty plea to misdemeanor possession in district court did not subject him to jeopardy of the greater offense and harsher penalties within the jurisdiction of the superior court. This argument ignores the theory of double jeopardy, which is to prohibit multiple prosecutions for the same crime.

Defendant's misdemeanor conviction is not a nullity. The district attorney is responsible for all prosecutions in district court and superior court. G.S. 7A-61. The election to try defendant in district court for misdemeanor possession was perhaps an inadvertence in view of the apparent evidence which would support conviction of a felony in superior court. However, the State is bound by that election. It is true, as the State argues, that by defendant's plea to the lesser offense in district court he was not in jeopardy of the greater offense and harsher penalties of superior court. However, defendant has been convicted and punished already for the lesser offense, possession of less than one ounce, and to try defendant for the greater offense, felonious possession, would also subject defendant to trial of the lesser included offense for which he has been convicted already. Since in fact there was only one transaction this would be double jeopardy as to the lesser offense.

Affirmed.

Judges MORRIS and CLARK concur.