STATE v. GUNTER

[111 N.C. App. 621 (1993)]

STATE OF NORTH CAROLINA v. JOSEPH GUNTER

No. 9210SC746

(Filed 17 August 1993)

1. **Criminal Law § 67 (NCI4th)— defendant cited for driving while impaired—action in district court—presentment in superior court—jurisdiction in superior court**

   There was no merit to defendant's contention that the District Court of Wake County had exclusive jurisdiction over this case and that the Wake County Superior Court therefore rendered judgment without jurisdiction, since the statute in question, N.C.G.S. § 7A-271(a)(2), should be read to grant jurisdiction to the superior court in any action already properly pending in the district court if the grand jury issues a presentment and that presentment is the first accusation of the offense within superior court; therefore, the action was properly under the jurisdiction of the district court and not the superior court when the citation for driving while impaired was issued, but as soon as the grand jury issued the presentment, the superior court acquired jurisdiction.

   **Am Jur 2d, Criminal Law §§ 352-357.**

2. **Evidence and Witnesses § 1823 (NCI4th)— driving while impaired—results of blood test—admissibility**

   The trial court did not err in admitting into evidence results of the blood test determining blood alcohol concentration pursuant to N.C.G.S. § 20-139.1(a), since defendant was given the option to submit or refuse to submit to a breathalyzer test and his decision was made after he was advised of his rights in a manner provided by N.C.G.S. § 20-16.2; furthermore, the evidence was not rendered inadmissible based on defendant's contentions (1) that the charging officer who requested the blood test on the night of the accident was not the officer who charged him in the superior court action on which he was tried, and (2) that the district court action which arose from the citation issued by the charging officer who requested the blood test was not the superior court action on which he was tried.

   **Am Jur 2d, Automobiles and Highway Traffic §§ 375-380.**

STATE v. GUNTER

[111 N.C. App. 621 (1993)]

3. **Automobiles and Other Vehicles § 823 (NCI4th)— substance abuse assessment—failure to participate in treatment—no finding of mitigating factor—no error**

   The trial court did not err in failing to find as a statutory mitigating factor that defendant received a substance abuse assessment after being charged and prior to sentencing, since defendant did not go for assessment until the day before sentencing; he had not yet participated in his treatment; and N.C.G.S. § 20-179(e)(6) lists as a mitigating factor defendant's assessment *and* participation in recommended treatment.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

4. **Automobiles and Other Vehicles § 822 (NCI4th)— aggravating factors—sufficiency of evidence**

   Evidence was sufficient to support the sentencing judge's finding as aggravating factors: (1) gross impairment of defendant's faculties while driving or an alcohol concentration of .20 or more within a relevant time after the driving, since defendant had a .27 alcohol concentration and witnesses testified that defendant smelled of alcohol, had trouble standing, and had slurred speech; (2) especially reckless or dangerous driving, since there was evidence that defendant hit a pole off the road without applying his brakes while speeding; and (3) negligent driving that led to an accident causing property damage in excess of $500, since photographs of the vehicle taken after the accident showed damage to the car sufficient to allow consideration of this factor. N.C.G.S. § 20-179(d).

   **Am Jur 2d, Criminal Law §§ 598, 599.**

5. **Criminal Law § 1463 (NCI4th)— supervised probation— sufficiency of findings**

   The sentencing judge did not err by placing defendant on supervised probation where the judge indicated in the record on the judgment form that he received evidence and found that supervised probation was necessary. N.C.G.S. § 20-179(r).

   **Am Jur 2d, Criminal Law §§ 567, 568.**

   Appeal by defendant from judgment entered 18 December 1991 by Judge Knox Jenkins in Wake County Superior Court. Heard in the Court of Appeals 7 June 1993.

On 8 March 1991, the defendant was charged with driving while impaired by citation and cited to appear in Wake County District Court on 19 March 1991. On 28 May 1991, the Grand Jury of Wake County issued a presentment to the District Attorney requesting that he investigate to determine if the defendant operated a motor vehicle while under the influence of an impairing substance.

On 24 June 1991, the grand jury returned a true bill of indictment, based on the presentment, charging the defendant with the misdemeanor of DWI. The indictment was filed in Wake County Superior Court. The District Attorney voluntarily dismissed the district court proceeding on 23 July 1991.

Defendant was tried and found guilty in superior court by a jury on 18 December 1991. Judgment was entered on the same day. Defendant was sentenced to Level Three punishment. From the judgment and sentencing, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Mark A. Perry for defendant-appellant.*

ORR, Judge.

On 8 March 1991 between 1:00 and 2:00 a.m., defendant Gunter, a Raleigh Police Officer, had a single car accident, driving into a telephone pole. Officer M.C. Ballard, also of the Raleigh Police Department, arrived at the scene of the accident and called for emergency medical services (EMS). Officer Ballard noticed a strong smell of alcohol about the defendant's person, and he noticed that defendant had trouble standing and had slurred speech. EMS took defendant to the hospital, where Officer Ballard charged him with DWI, read him his rights, and requested him to submit to a chemical analysis to determine his blood alcohol content. Defendant consented to the blood test, which yielded results indicating a blood alcohol concentration of .276.

Defendant argues two issues appealing judgment and three issues appealing sentencing. We hold no error.

I.

[1] Defendant first challenges jurisdiction, arguing that the District Court of Wake County had exclusive jurisdiction over this case,

and therefore the Wake County Superior Court rendered judgment without jurisdiction.

The jurisdictions of the district and superior courts of North Carolina are controlled by the following statutes.

N.C.G.S. § 7A-271:

(a) The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division by this Article, except that the superior court has jurisdiction to try a misdemeanor:

. . .

(2) When the charge is initiated by a presentment; . . .

N.C.G.S. § 7A-272:

(a) Except as provided in this Article, the district court has exclusive, original jurisdiction for the trial of criminal actions, including municipal ordinance violations, below the grade of felony, and the same are hereby declared to be petty misdemeanors.

N.C.G.S. § 7A-271(a)(2) contains the challenged language. Defendant urges us to read the statute so that the superior court only has jurisdiction over a misdemeanor action in which a presentment has occurred if the presentment was the first accusation of the offense in any court. Under defendant's interpretation, the action *sub judice* would fall under the jurisdiction of the district court and not the superior court because the 8 March 1991 citation initiated the charge of DWI against him, occurring before the presentment issued 28 May 1991. Thus, N.C.G.S. § 7A-271(a)(2) would not apply.

The State argues that the statute should be read to grant jurisdiction to the superior court in any action already properly pending in the district court if the grand jury issues a presentment and that presentment is the first accusation of the offense within superior court. Under this interpretation, the action *sub judice* was properly under the jurisdiction of the district court and not the superior court when the citation was issued, but as soon as the grand jury issued the presentment, the superior court acquired jurisdiction. The State correctly interpreted the statute.

When construing the words of a statute, the intent of the Legislature controls. Where the language is clear and unambiguous, there is no room for judicial construction and we must give it the plain and definite meaning. *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980).

N.C.G.S. § 7A-271(a) grants to the superior court exclusive, original jurisdiction over all criminal actions not assigned to the district court in the Article, except that misdemeanors, which are assigned to the district court in N.C.G.S. § 7A-272(a), fall under superior court jurisdiction if any of certain enumerated conditions apply. N.C.G.S. § 7A-271(a)(2) lists one of these conditions, when the charge is initiated by a presentment. This condition serves to grant jurisdiction to the superior court in cases where the charging document upon which the defendant is tried began as a presentment. The condition does not include cases where the superior court case is initiated by some other means of criminal process, such as a bill of indictment. The term "initiated" refers to how the criminal process in superior court began, not to what the first criminal process of any kind in any court was.

The superior court action against defendant in the case *sub judice* originated as a presentment. A presentment is an accusation of an offense made by a grand jury upon their own knowledge or observation, or upon information from others, without any bill of indictment having been submitted to them by the public prosecuting attorney. *State v. Thomas*, 236 N.C. 454, 457, 73 S.E.2d 283, 285 (1952). Here, the district attorney presented information to the grand jury regarding the offense, and the grand jury issued the presentment on 28 May 1991. Afterward, the district attorney submitted a true bill of indictment which the grand jury returned on 24 June 1991. Thus, the superior court action of DWI against defendant was initiated by a presentment and was properly within the jurisdiction of the superior court pursuant to N.C.G.S. § 7A-271(a)(2).

II.

[2] The second issue defendant raises appealing judgment is whether results of the blood test determining blood alcohol concentration were properly admitted into evidence at trial. We hold that the trial court committed no error in admitting the results into evidence pursuant to N.C.G.S. § 20-139.1(a), "In any implied-

consent offense under G.S. 20-16.2, a person's alcohol concentration as shown by a chemical analysis is admissible in evidence."

Defendant contends that the conditions of G.S. § 20-16.2 were not met for two reasons. First, the charging officer who requested the blood test on the night of the accident was not the officer who charged him in the superior court action on which he was tried. Second, the district court action that arose from the citation issued by the charging officer who requested the blood test was not the superior court action on which he was tried.

The implied-consent statute, N.C.G.S. § 20-16.2 (Supp. 1992), reads in relevant part:

> Any person who drives a vehicle on a highway or public vehicular area thereby gives consent to a chemical analysis if he is charged with an implied-consent offense. The charging officer must designate the type of chemical analysis to be administered, and it may be administered when the officer has reasonable grounds to believe that the person charged has committed the implied-consent offense. N.C.G.S. 20-16.2(a).

> The charging officer, in the presence of the chemical analyst who has notified the person of his rights under subsection (a), must request the person charged to submit to the type of chemical analysis designated. N.C.G.S. 20-16.2(c).

> Meaning of Terms—Under this section, an "implied-consent offense" is an offense involving impaired driving or an alcohol-related offense made subject to the procedures of this section. A person is "charged" with an offense if he is arrested for it or if criminal process for the offense has been issued. A "charging officer" is a law-enforcement officer who arrests the person charged, lodges the charge, or assists the officer who arrested the person or lodged the charge by assuming custody of the person to make the request required under subsection (c) and, if necessary, to present the person to a judicial official for an initial appearance. N.C.G.S. 20-16.2(a1).

"The administrative procedures provided for in G.S. § 20-16.2 are designed to promote breathalyzer tests as a valuable tool for law enforcement officers in their enforcing the laws against driving under the influence while also protecting the rights of the State's citizens." *Rice v. Peters*, 48 N.C. App. 697, 700, 269 S.E.2d 740, 742 (1980). The purpose of the statute is fulfilled when the arrestee

is given the option to submit or refuse to submit to a breathalyzer test and his decision is made after having been advised of his rights in a manner provided by the statute. *Id.*

In the case *sub judice*, the officer who requested the blood test was a proper charging officer under the statute, and that officer charged defendant with an implied-consent offense. The conditions of the statute, which protect defendant's rights, were met. The specific action on which a defendant is tried need not be the same action the defendant is charged with at the time of the blood test. The defendant may later be charged with another offense or recharged for the implied-consent offense by another officer, and the blood test results will not be barred at these trials by the implied-consent statute, so long as its conditions have been met. This sequence of events is likely to occur in cases where a DWI arrestee is later indicted and charged for vehicular manslaughter. The trial court committed no error in admitting into evidence the blood test results.

## III.

[3] Defendant also contends that three separate commissions of error by the trial court require resentencing. First, defendant alleges that the sentencing judge committed error by failing to find a statutory mitigating factor that the defendant received a substance abuse assessment after being charged and prior to sentencing. We disagree.

N.C.G.S. § 20-179(e)(6) (Supp. 1992) lists as a mitigating factor

> The defendant's voluntary submission to a mental health facility for assessment after he was charged with the impaired driving offense for which he is being sentenced, and, if recommended by the facility, his voluntary participation in the recommended treatment.

Our review of the record shows that defendant failed to prove the second prong of the factor. Defendant did not go for assessment until the day before sentencing and had not yet participated in his treatment. Thus, the trial court committed no error in failing to find this mitigating circumstance.

## IV.

[4] Next defendant argues that the sentencing judge committed error by finding aggravating factors under N.C.G.S. § 20-179(d):

(1) gross impairment of the defendant's faculties while driving or an alcohol concentration of 0.20 or more within a relevant time after the driving, (2) especially reckless or dangerous driving, and (3) negligent driving that led to an accident causing property damage in excess of $500.00. We hold that no error occurred.

The same item of evidence may not be used to prove more than one aggravating factor. *State v. Mack*, 81 N.C. App. 578, 585, 345 S.E.2d 223, 227 (1986). If the evidence is sufficient to allow consideration of an aggravating factor by the finder of fact, the finder's decision is not reviewable absent evidence compelling the finding of the aggravating factor. *State v. Harrington*, 78 N.C. App. 39, 47, 336 S.E.2d 852, 856 (1985). The record shows separate, sufficient evidence to allow each aggravating factor to be considered.

The blood test showing the defendant had a 0.27 alcohol concentration and witness testimony allowed consideration of the factor of gross impairment. This evidence included testimony that the defendant smelled of alcohol, had trouble standing, had slurred speech and kept asking for the whereabouts of a woman who was not present. Evidence about the circumstances of the accident allowed consideration of the factor of especially reckless driving, including evidence that defendant hit a pole off the road without applying his brakes while speeding. Photographs of the vehicle taken after the accident show damage to the car sufficient to allow consideration of the factor of property damage in excess of $500.00. The sentencing judge committed no error in finding the aggravating factors because sufficient evidence existed to allow consideration of each factor.

In addition, defendant argues that the sentencing judge erred by sentencing defendant to Level Three punishment. Defendant contends that the judge's incorrect findings of mitigating and aggravating factors led to incorrect weighing of these factors to determine the punishment level. Because the trial court committed no error in finding the factors, it committed no error in sentencing defendant to Level Three punishment.

V.

[5]   Finally, defendant alleges that the sentencing judge committed error by placing the defendant on supervised probation without

finding as a fact that supervised probation was necessary. We disagree.

Defendant relies on N.C.G.S. § 20-179(r) (Supp. 1992):

Unless a judge in his discretion determines that supervised probation is necessary, and includes in the record that he has received evidence and finds as a fact that supervised probation is necessary, and states in his judgment that supervised probation is necessary, a defendant convicted of an offense of impaired driving shall be placed on unsupervised probation if he meets two conditions. . . .

The sentencing judge indicated in the record on the judgment form that he received evidence and found that supervised probation was necessary. The sentencing judge also stated in open court as a part of the judgment that supervised probation was necessary. No error occurred in placing the defendant on supervised probation.

For the foregoing reasons, this Court holds that no error occurred in the judgment or sentencing of the defendant.

No error.

Chief Judge ARNOLD and Judge MARTIN concur.