STATE OF NORTH CAROLINA v. RICKY KYLE CORBETT

No. COA07-856

(Filed 17 June 2008)

**Appeal and Error— guilty plea—double jeopardy motion to dismiss denied**

Defendant's appeal to the Court of Appeals was dismissed where defendant pled guilty in district court, that plea was stricken and indictments were issued in superior court, defendant moved to dismiss based on double jeopardy, the superior court denied that motion, and defendant entered a plea of guilty in superior court. Although defendant argued that the case is controlled by *Menna v. New York*, 423 U.S. 61, which held that a guilty plea does not necessarily waive a double jeopardy claim, that case appears to be in conflict with *State v. Hopkins*, 279 N.C. 473, and the Court of Appeals is bound by the North Carolina Supreme Court unless otherwise instructed. Defendant may, however, file a motion for appropriate relief with the superior court.

Judge ELMORE dissenting.

Appeal by defendant from judgment entered 2 April 2007 by Judge James C. Spencer, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 2 April 2008.

1

**STATE v. CORBETT**

[191 N.C. App. 1 (2008)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Kathryne E. Hathcock, for the State.*

*Brock, Payne & Meece, P.A., by C. Scott Holmes, for defendant-appellant.*

HUNTER, Judge.

Ricky Kyle Corbett ("defendant") appeals from a guilty plea of felony habitual driving while intoxicated ("DWI"). The superior court made findings of mitigation and sentenced defendant to a term of thirteen months to sixteen months in prison. After careful consideration, defendant's appeal is dismissed.

Defendant was charged with misdemeanor driving while impaired ("misdemeanor DWI") by a uniform citation issued on 7 January 2006 in Alamance County. The citation instructed defendant to appear in district court to face the charge in the citation. Meanwhile, a grand jury indicted defendant in superior court on 5 September 2006 for misdemeanor DWI and felony habitual driving while impaired ("felony habitual DWI") (case number 06CRS050232). Both charges stemmed from the same incident on 7 January 2006 for which defendant was originally cited. The grand jury issued a superseding indictment for the same two offenses on 25 September 2006. Defendant's case was placed on an administrative calendar for hearing in superior court on 11 December 2006.

Defendant's misdemeanor DWI citation in case number 06CRS050233, however, was not dismissed from district court following defendant's indictment in superior court. While defendant's case was pending in superior court, defendant pled guilty in district court on 27 November 2006 to the misdemeanor DWI offense in case number 06CRS050233. The district court continued the case for sentencing until 27 December 2006. Following defendant's guilty plea in district court, the State dismissed the felony habitual DWI charge in superior court case number 06CRS050232, because the citation had been inadvertently left in district court and defendant had already pled guilty in district court to the underlying misdemeanor DWI offense.

At defendant's 27 December 2006 sentencing hearing in district court, the State moved to strike defendant's previously entered guilty plea in case number 06CRS050233. The district court issued an order on 29 December 2006 concluding that because defendant had been

indicted for the misdemeanor and felony DWI offenses in superior court on 5 September 2006, the district court lacked jurisdiction to take defendant's guilty plea on 27 November 2006. Therefore, the district court struck defendant's 27 November 2006 guilty plea to the misdemeanor DWI charge as void *ab initio*. Defendant was never sentenced for the misdemeanor DWI offense in district court.

After defendant's original guilty plea in district court was stricken, a grand jury issued another superseding indictment in superior court for misdemeanor DWI and felony habitual DWI (case number 07CRS000184) on 2 January 2007. Defendant moved to dismiss the new charges in superior court on the grounds of double jeopardy, claiming that his prior guilty plea to the misdemeanor DWI offense in district court precluded the State from (1) charging him with the same misdemeanor DWI offense in superior court, and (2) using the misdemeanor DWI offense charged in superior court as a predicate offense for the felony habitual DWI charge. Defendant's case was heard in superior court on 2 April 2007, and the superior court denied defendant's motion to dismiss. Defendant then pled guilty to the felony habitual DWI charge in exchange for the State dismissing the misdemeanor DWI charge.

Defendant presents one issue for this Court's review: Whether the superior court erroneously failed to dismiss the charges against him on the basis of double jeopardy, in violation of both the United States Constitution and the North Carolina Constitution.

The State filed a motion to dismiss defendant's appeal on 24 October 2007. The State contends that defendant has no statutory right to appeal his conviction and that defendant has waived appellate review of his double jeopardy argument.

We must first determine whether defendant, by pleading guilty, has waived review of the issues he presented to this Court.

A defendant's right to appeal a conviction is "purely statutory." *State v. Shoff*, 118 N.C. App. 724, 725, 456 S.E.2d 875, 876 (1995). "[U]nder N.C.G.S. § 15A-1444(e), a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea." *State v. Pimental*, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870 (2002) (citing *State v. Dickson*, 151 N.C. App. 136, 564 S.E.2d 640 (2002)).

The State contends that under *State v. Hopkins*, 279 N.C. 473, 183 S.E.2d 657 (1971), defendant has no right to an appeal. We agree.

In *Hopkins*, the defendant was indicted in superior court for first degree burglary, which was later reduced to nonfelonious breaking and entering. The defendant moved to dismiss the charge on double jeopardy grounds, but the trial court denied the defendant's motion. *Id.* at 473-74, 183 S.E.2d at 657. The defendant then pled guilty to nonfelonious breaking and entering and appealed his conviction based on the denial of his plea of former jeopardy. *Id.* at 474, 183 S.E.2d at 658. The Supreme Court of North Carolina held that the defendant had waived his right to appeal this issue:

> The constitutional right not to be placed in jeopardy twice for the same offense, like other constitutional rights, may be waived by the defendant and such waiver is usually implied from his action or inaction when brought to trial in the subsequent proceeding. . . .

> The present defendant . . . entered a pleas of guilty . . . after his previously entered plea of former jeopardy was overruled. He . . . thereby waived his right, if any, to dismissal of the charge on the ground of former jeopardy[.]

*Id.* at 475-76, 183 S.E.2d at 659.

Defendant, however, argues that *Menna v. New York*, 423 U.S. 61, 46 L. Ed. 2d 195 (1975), controls. The defendant in *Menna* was indicted in New York state court for refusing to testify before a grand jury. *Id.* at 61, 46 L. Ed. 2d at 197. The defendant sought dismissal of the case on double jeopardy grounds, claiming that he had previously been adjudicated in contempt of court for refusing to testify on the same occasion. *Id.* The trial court denied the defendant's motion, and the defendant pled guilty to the indictment. *Id.* Rather than attacking his guilty plea in a collateral action, the *Menna* defendant immediately appealed his conviction on double jeopardy grounds. *Id.* at 62, 46 L. Ed. 2d at 197. The New York Court of Appeals held that the defendant had waived appellate review of his double jeopardy claim by entering a counseled guilty plea. *Id.*

The United States Supreme Court reversed the New York court. The Court held that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty."

*Id.* at 62, 46 L. Ed. 2d at 197. In a footnote, the Court clarified its holding: "We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute." *Id.* at 63 n.2, 46 L. Ed. 2d at 198 n.2.

Although *Menna* and *Hopkins* appear to be in conflict with one another, we are bound by the Supreme Court of North Carolina's decision on this issue until otherwise instructed. *Cannon v. Miller*, 313 N.C. 324, 324, 327 S.E.2d 888, 888 (1985) (holding that the Court of Appeals, after abolishing two tort causes of actions, "acted under a misapprehension of its authority to overrule decisions of the Supreme Court of North Carolina and its responsibility to follow those decisions, until otherwise ordered by the Supreme Court"); *State v. Parker*, 140 N.C. App. 169, 172, 539 S.E.2d 656, 659 (2000) (where the defendant asked the Court of Appeals to review a statute in light of a recent United States Supreme Court decision, the Court of Appeals noted that the Supreme Court of North Carolina had already addressed an analogous issue in light of the recent federal case, and therefore the Court of Appeals was bound by the Supreme Court of North Carolina's decision). Moreover, this Court has previously followed the *Hopkins* Court's decision in *State v. Hughes*, 136 N.C. App. 92, 97, 524 S.E.2d 63, 66 (1999), *disc. review denied*, 351 N.C. 644, 543 S.E.2d 878 (2000), *superseded by statute on other grounds*, N.C. Gen. Stat. § 15A-1340.34 (2007), and we are therefore also bound by the decisions of this Court as well. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court").

Defendant's appeal is therefore dismissed. Defendant may, however, file a motion for appropriate relief with the superior court pursuant to N.C. Gen. Stat. § 15A-1413 (2007). *See State v. Jamerson*, 161 N.C. App. 527, 530, 588 S.E.2d 545, 547 (2003).

Dismissed.

Judge STROUD concurs.

Judge ELMORE dissents in a separate opinion.

**STATE v. CORBETT**

[191 N.C. App. 1 (2008)]

ELMORE, Judge, dissenting.

I respectfully dissent from the majority opinion dismissing defendant's appeal. Because I believe that this Court is bound by the United States Supreme Court's decision in *Menna v. New York*, 423 U.S. 61, 46 L. Ed. 2d 195 (1975), I would address defendant's appeal on the merits and vacate defendant's felony habitual DWI conviction in case number 07 CRS 184.

Although the State correctly identifies the general rule applying to collateral challenges to guilty pleas, the United States Supreme Court has carved out an exception that applies in the case before us. In *Blackledge v. Perry*, 417 U.S. 21, 40 L. Ed. 2d 628 (1974), the defendant was convicted in North Carolina District Court of misdemeanor assault. Pursuant to North Carolina law, the defendant gave notice of appeal for a trial *de novo* in superior court. *Id.* at 22-23, 40 L. Ed. 2d at 631. After the defendant filed his notice of appeal, but prior to his trial in superior court, the prosecutor obtained an indictment charging the defendant with felony assault arising from the same circumstances as the original misdemeanor charge. The defendant pled guilty to the felony charge in superior court. *Id.* at 23, 40 L. Ed. 2d at 631. Months later, the defendant filed a *habeas corpus* petition in federal district court, claiming that the felony indictment for which he pled guilty constituted double jeopardy and deprived him of due process. *Id.* at 23, 40 L. Ed. 2d at 632. The district court granted the writ. *Id.* at 24, 40 L. Ed. 2d at 632.

On appeal, the United States Supreme Court first held that the Due Process Clause of the Fourteenth Amendment prohibited the State from "respond[ing] to [the defendant]'s invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo*." *Id.* at 28-29, 40 L. Ed. 2d at 635. The Court next addressed the question of whether the defendant's guilty plea to the felony charge in superior court precluded him from challenging his conviction in the *habeas corpus* proceeding. The State argued that the defendant's constitutional arguments were foreclosed pursuant to *Tollett v. Henderson*, 411 U.S. 258, 36 L. Ed. 2d 235 (1973), and a line of cases beginning with *Brady v. United States*, 397 U.S. 742, 25 L. Ed. 2d 747 (1970) (the *Brady* trilogy). The United States Supreme Court disagreed:

> While [the State's] reliance upon the *Tollett* opinion is understandable, there is a fundamental distinction between this case and that one. Although the underlying claims presented in *Tollett*

and the *Brady* trilogy were of constitutional dimensions, none went to the very power of the State to bring the defendant into court to answer the charge brought against him. The defendants in *McMann v. Richardson*, for example, could surely have been brought to trial without the use of the allegedly coerced confessions, and even a tainted indictment of the sort alleged in *Tollett* could have been "cured" through a new indictment by a properly selected grand jury. In the case at hand, by contrast, the nature of the underlying constitutional infirmity is markedly different. Having chosen originally to proceed on the misdemeanor charge in the District Court, the State of North Carolina was, under the facts of this case, simply precluded by the Due Process Clause from calling upon the respondent to answer to the more serious charge in the Superior Court. Unlike the defendant in *Tollett*, [the defendant in *Blackledge*] is not complaining of "antecedent constitutional violations" or of a "deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Rather, the right that he asserts and that we today accept is the right not to be haled into court at all upon the felony charge. The very initiation of the proceedings against him in the Superior Court thus operated to deny him due process of law.

*Id.* at 30-31, 40 L. Ed. 2d at 635-36 (quoting *Tollett*, 411 U.S. at 266-67, 36 L. Ed. 2d at 243).

Although the United States Supreme Court in *Blackledge* did not address the defendant's double jeopardy argument, it noted the similarities between double jeopardy principles and its due process holding in *Blackledge*. According to the Court, the Double Jeopardy Clause of the Fifth Amendment was distinctive because " 'its practical result is to prevent a trial from taking place at all, rather than to prescribe [sic] procedural rules that govern the conduct of a trial.' " *Id.* at 31, 40 L. Ed. 2d at 636 (quoting *Robinson v. Neil*, 409 U.S. 505, 509, 35 L. Ed. 2d 29, 33 (1973)). The Court explained that

[w]hile our judgment today is not based upon the Double Jeopardy Clause, we think that the quoted language aptly describes the due process right upon which our judgment *is* based. The "practical result" dictated by the Due Process Clause in this case is that North Carolina simply could not permissibly require [the defendant] to answer to the felony charge. That being so, it follows that his guilty plea did not foreclose him from attacking his conviction in the Superior Court proceedings through a federal writ of habeas corpus.

*Id.* The defendant was therefore allowed to attack the constitutional infirmities preceding his guilty plea, and because the Court had previously found that the state court proceedings deprived the defendant of due process, the Court affirmed the issuance of the writ of *habeas corpus. Id.* at 32, 40 L. Ed. 2d at 636.

One year after *Blackledge*, the United States Supreme Court reached a similar result in *Menna v. New York*, 423 U.S. 61, 46 L. Ed. 2d 195 (1975). The defendant in *Menna* was indicted in New York state court for refusing to testify before a grand jury. *Id.* at 61, 46 L. Ed. 2d at 197. The defendant sought dismissal of the case on double jeopardy grounds, claiming that he had previously been adjudicated in contempt of court for refusing to testify on the same occasion. The trial court denied the defendant's motion, and the defendant pled guilty to the indictment. *Id.* Rather than attacking his guilty plea in a collateral action, as did the defendants in *Blackledge, Tollett*, and the *Brady* trilogy, the *Menna* defendant immediately appealed his conviction on double jeopardy grounds. The New York Court of Appeals held that under *Tollett*, the defendant had waived appellate review of his double jeopardy claim by entering a counseled guilty plea. *Id.* at 62, 46 L. Ed. 2d at 197.

The United States Supreme Court reversed the New York court. Relying on *Blackledge*, the Court held that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Id.* at 62, 46 L. Ed. 2d at 197. In a footnote, the Court reconciled its holdings in *Blackledge* and *Menna* with its earlier cases:

> Neither Tollett v. Henderson, nor our earlier cases on which it relied, e.g., Brady v. United States and McMann v. Richardson, stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. . . . The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim is that the

State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar the claim.

We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.

*Id.* at 62, 46 L. Ed. 2d at 197 n.2 (citations and emphasis omitted). *See Broce*, 488 U.S. 563, 574-76, 102 L. Ed. 2d 927, 939-40 (explaining the *Blackledge/Menna* exception to the rule barring collateral attack on a guilty plea). Because the defendant had not waived his double jeopardy argument by pleading guilty to the indictment, the Court remanded the case to the New York Court of Appeals for a determination of the merits of the defendant's double jeopardy claim. *Id.* at 63, 46 L. Ed. 2d at 198.

I find *Menna* directly applicable to the case currently before this Court. Defendant here was charged in superior court based on an indictment that he alleges the State was precluded from bringing. Defendant moved to dismiss the case on double jeopardy grounds, but the trial court denied defendant's motion. Defendant then pled guilty to the indictment, and immediately appealed his conviction. The general rule established in the *Brady* trilogy and *Tollette* does not apply to this situation. Defendant is not challenging "antecedent constitutional violations" or a "deprivation of constitutional rights that occurred prior to the entry of [his] guilty plea." *Tollett*, 411 U.S. at 266-67, 36 L. Ed. 2d at 243. Rather, as in *Blackledge* and *Menna*, defendant here argues that regardless of whether he is guilty of the crimes charged, the State was precluded from haling him into court to answer for those crimes. Under *Menna*, a guilty plea does not bar such a claim. *Menna*, 423 U.S. at 62, 46 L. Ed. 2d at 197 n.2.

The State correctly notes that the United States Supreme Court in *Broce* applied the general rule established by the *Brady* trilogy and *Tollett*, even though the *Broce* defendants challenged their convictions on double jeopardy grounds. However, the defendants in *Broce* were differently situated from the defendant in *Menna* and defendant in the case before us. The *Broce* defendants never raised a double jeopardy argument at trial, and pled guilty to two indictments which, on their face, described separate conspiracies. *Broce*, 488 U.S. at 576, 102 L. Ed. 2d at 940. The United States Supreme Court first recalled

in its holding in *Menna* that " 'a plea of guilty to a charge does not waive a claim that—*judged on its face*—the charge is one which the State may not constitutionally prosecute.' " *Id.* at 575, 102 L. Ed. 2d at 940 (emphasis in original) (quoting *Menna,* 423 U.S. at 63, 46 L. Ed. 2d at 198 n.2). The Court then determined that the *Broce* defendants' double jeopardy claim could not be judged on its face. Rather, according to the Court, the *Broce* defendants "[could not] prove their claim by relying on [the] indictments and the existing record. Indeed . . . they [could not] prove their claim without contradicting those indictments, and that opportunity [was] foreclosed by the admissions inherent in their guilty pleas." *Id.* at 576, 102 L. Ed. 2d at 940. In contrast, the trial court in *Menna* should have dismissed the charge at the time the plea was entered because "the indictment was facially duplicative of the earlier offense of which the defendant had been convicted." *Id.* at 575, 102 L. Ed. 2d at 940. So too, in *Blackledge*, the trial court should have dismissed the charge because it could have determined, based on the face of the indictment, that the state had no constitutional power to bring the indictment. *Id.* In neither case "did the defendants seek further proceedings at which to expand the record with new evidence," and the trial court should have dismissed the charges "on the basis of the existing record." *Id.*

In the case before us, as in *Menna*, the trial court was able to make a determination of the merits of defendant's double jeopardy claim based solely upon the indictment, which defendant argued was duplicative on its face. Unlike in *Broce*, defendant does not "seek further proceedings at which to expand the record with new evidence." *Id.* Therefore, *Broce* does not control our decision today, and under *Menna*, defendant's appeal may properly be considered by this Court.

I recognize that my proposed holding today may be in conflict with the North Carolina Supreme Court's decision in *Hopkins*, and I acknowledge that this Court cannot overrule a decision of the North Carolina Supreme Court. *See, e.g., Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985) (stating that when the Court of Appeals abolished the causes of action for alienation of affections and criminal conversation, the Court of Appeals had "acted under a misapprehension of its authority to overrule decisions of the Supreme Court of North Carolina and its responsibility to follow those decisions, until otherwise ordered by the Supreme Court"); *State v. Parker*, 140 N.C. App. 169, 172, 539 S.E.2d 656, 659 (2000) (noting that when a defendant asked this Court to review a statute in light of a recent United

States Supreme Court decision the North Carolina Supreme Court had already addressed an analogous issue in light of the recent federal case, and therefore the Court of Appeals was bound by the North Carolina Supreme Court's decision); *Kinlaw v. Long*, 40 N.C. App. 641, 643, 253 S.E.2d 629, 630 (1979) (Declining to change a long-standing rule regarding breach of warranty actions, because "it is not [the North Carolina Court of Appeals'] prerogative to overrule or ignore clearly written decisions of our Supreme Court").

However, unlike the cases cited above, the current case does not present a situation in which we have been asked to change long-standing state law. Nor is this a situation in which we are asked to interpret and apply federal law after the North Carolina Supreme Court has already spoken on the federal issue. *Hopkins* predated the United States Supreme Court's decisions in *Blackledge* and *Menna*, and therefore *Hopkins* was not informed by the constitutional principles later established by the United States Supreme Court in those cases. Further, the North Carolina Supreme Court has not had occasion to review *Hopkins* in light of *Blackledge* and *Menna*.[1] When the United States Supreme Court has decided a certain matter, we are bound to apply that Court's rule. *See, e.g., State v. McDowell,* 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984) ("[A] state court should exercise and apply its own independent judgment, treating, of course, decisions of the United States Supreme Court as binding."); *Enoch v. Inman*, 164 N.C. App. 415, 420, 596 S.E.2d 361, 365 (2004) ("North Carolina appellate courts are not bound, as to matters of federal law, by decisions of federal courts other than the United States Supreme Court."); *State v. Adams*, 132 N.C. App. 819, 820, 513 S.E.2d 588, 589 (1999) ("[W]ith the exception of decisions of the United States Supreme Court, federal appellate decisions are not binding upon

---

1. Since the United States Supreme Court's decisions in *Blackledge* and *Menna*, the North Carolina Supreme Court has cited *Hopkins* in only two cases. In each case, the defendant failed to raise a double jeopardy defense before the trial court, pled guilty or was convicted by a jury, and subsequently tried to raise the double jeopardy issue on appeal. The Court cited *Hopkins* for the proposition that because the defendant had failed to make a motion to dismiss on double jeopardy grounds at trial, the defendant had waived his right to challenge his prosecution or conviction on double jeopardy grounds on appeal. *State v. Thompson*, 314 N.C. 618, 621, 336 S.E.2d 78, 79-80 (1985); *State v. McKenzie*, 292 N.C. 170, 175, 232 S.E.2d 424, 428 (1977). Although *Hopkins* may still apply to cases where the defendant failed to raise a double jeopardy argument at trial, the defendants in both *Hopkins* and in the current case made unsuccessful motions to dismiss the charges against them on double jeopardy grounds before entering their guilty pleas. Our Supreme Court has not applied *Hopkins* to analogous facts since the United States Supreme Court's decisions in *Blackledge* and *Menna*.

either the appellate or trial courts of this State"). Therefore, *Hopkins* should not control our decision in the present case.[2]

The State also argues that defendant has no statutory right to appeal his conviction. This Court has previously noted that "[i]n North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." *State v. Pimental*, 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002). Under N.C. Gen. Stat. § 15A-1444, a criminal defendant who has pled guilty may appeal as a matter of right only in limited circumstances, *e.g.*, if the sentence imposed by the trial court contains a term of imprisonment that is not authorized by state statute. N.C. Gen. Stat. § 15A-1444(a2)(3) (2007). Otherwise, "the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court." N.C. Gen. Stat. § 15A-1444(e) (2007).

Admittedly, N.C. Gen. Stat. § 15A-1444 does not authorize a criminal defendant who pled guilty at trial to challenge his or her conviction on double jeopardy grounds as a matter of right. However, the United States Supreme Court cases cited above make clear that under these facts, defendant has the ability under the Fifth and Fourteenth Amendments to challenge the State's power to bring him into court on the DWI charges. *See Menna*, 423 U.S. at 62, 46 L. Ed. 2d at 197 ("Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty."). Defendant's ability to challenge his conviction in this regard exists in addition to whatever statutory rights he may have to appeal his conviction under North Carolina law.

For the reasons stated above, I would deny the State's motion to dismiss defendant's appeal. I would therefore address defendant's double jeopardy argument on its merits.

It is well established that "[t]he Double Jeopardy Clause of the North Carolina and United States Constitutions protects against . . . a second prosecution after conviction for the same offense." *State v. Strohauer*, 84 N.C. App. 68, 72, 351 S.E.2d 823, 826 (1987) (citing *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656 (1969); State *v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986)).

---

2. I do not suggest, however, that *Hopkins* is inapplicable in all cases. I would hold only that in cases such as this, where *Hopkins* and *Blackledge/Menna* yield conflicting results, the latter cases must control.

The question of whether a second prosecution for a crime violates a defendant's protection against double jeopardy under the United States and North Carolina Constitutions is fully reviewable *de novo* as a question of law. *State v. Newman*, 186 N.C. App. 382, 386, 651 S.E.2d 584, 587 (2007).

This Court should first determine whether the district court maintained jurisdiction over defendant's misdemeanor DWI action after defendant was indicted for the same offense in superior court. Defendant argues that the district court retained such jurisdiction. The State disagrees and contends that when defendant was indicted on the misdemeanor DWI and felony habitual DWI charges by the grand jury in superior court, the district court lost jurisdiction over the misdemeanor DWI charge.

Under state statute, district courts have exclusive, original jurisdiction for the trial of misdemeanor criminal actions. N.C. Gen. Stat. § 7A-272(a) (2007). In contrast, superior courts have exclusive, original jurisdiction over "all criminal actions not assigned to the district court division," including felony criminal actions. N.C. Gen. Stat. § 7A-271(a) (2007). Therefore, when defendant was issued the citation for the misdemeanor DWI charge on 7 January 2006, the district court gained jurisdiction over the case pursuant to N.C. Gen. Stat. § 272(a).

Superior courts, however, have jurisdiction to try a misdemeanor case in five limited circumstances, including when the misdemeanor charge "is a lesser included offense of a felony on which an indictment has been returned." N.C. Gen. Stat. § 7A-271(a)(1) (2007). A lesser included offense is " '[a] crime that is composed of some, but not all, of the elements of a more serious crime and that is necessarily committed in carrying out the greater crime.' " *State v. Hinton*, 361 N.C. 207, 210, 639 S.E.2d 437, 440 (2007) (quoting *Black's Law Dictionary* 1111 (8th ed. 2004)). The offense of driving while impaired under N.C. Gen. Stat. § 20-138.1 is a lesser included offense of felony habitual driving while impaired, as all of the elements of the lesser charge are required to convict a defendant of the greater charge. *See* N.C. Gen. Stat. § 20-138.5 (2005) ("A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving . . . within seven years of the date of this offense."). Therefore, under N.C. Gen. Stat. § 7A-271(a)(1), the superior court gained jurisdiction to try defendant on the misdemeanor DWI charge when the grand jury indicted

defendant on the felony habitual DWI charge on 5 September 2006. *See, e.g., State v. Lobohe,* 143 N.C. App. 555, 559, 547 S.E.2d 107, 110 (2001) (holding that the superior court had jurisdiction over a misdemeanor DWI charge where the defendant was also indicted for felony habitual DWI).

The question, then, is whether the district court lost jurisdiction over the misdemeanor charge when the superior court gained jurisdiction on 5 September 2006. The State argues that the district court did lose jurisdiction, and points to *State v. Gunter,* 111 N.C. App. 621, 433 S.E.2d 191 (1993), to support its argument. In *Gunter,* the defendant was charged with misdemeanor DWI by citation in district court. While the defendant's case was pending, a grand jury issued a presentment to the district attorney requesting that he investigate the misdemeanor DWI offense. The grand jury later indicted the defendant for the misdemeanor DWI. The charges in district court were dismissed, and the defendant was tried and convicted in superior court of misdemeanor DWI. *Id.* at 623, 433 S.E.2d at 192. On appeal, the defendant claimed that the district court had exclusive jurisdiction over his case pursuant to N.C. Gen. Stat. § 7A-272. *Id.* at 623, 433 S.E.2d at 193. This Court disagreed and affirmed the defendant's conviction. We first noted that under the jurisdictional exceptions listed in N.C. Gen. Stat. § 7A-271(a), the superior court has jurisdiction to try a misdemeanor case "[w]hen the charge is initiated by a presentment." N.C. Gen. Stat. § 7A-271(a)(2) (2007). Therefore, we held that even though the case "was properly under the jurisdiction of the district court and not the superior court when the citation was issued," *id.* at 624, 433 S.E.2d at 193, the subsequent presentment by the grand jury brought the action "properly within the jurisdiction of the superior court pursuant to N.C.G.S. § 7A-271(a)(2)." *Id.* at 625, 433 S.E.2d at 194.

The State contends that *Gunter* stands for the proposition that when the grand jury indicted defendant in the current case, the district court lost jurisdiction over the misdemeanor charge. I would disagree. Under N.C. Gen. Stat. § 7A-271(a)(1):

(a) *The superior court has exclusive, original jurisdiction* over all criminal actions not assigned to the district court division by this Article, *except that the superior court has jurisdiction* to try a misdemeanor:

(1) Which is a lesser included offense of a felony on which an indictment has been returned[.]

N.C. Gen. Stat. § 7A-271(a)(1) (2007) (emphases added). The statutory language makes clear that while N.C. Gen. Stat. § 7A-271(a) gives superior courts jurisdiction over certain misdemeanor criminal actions, it does not purport to give superior courts *exclusive* jurisdiction over such actions, as it does over felony criminal actions. Indeed, *Gunter* merely recognized that in such situations, jurisdiction is "properly," though not exclusively, within the jurisdiction of the superior court. *See Gunter*, 111 N.C. App. at 625, 433 S.E.2d at 194.

Therefore, when a district court has jurisdiction over a misdemeanor criminal action under N.C. Gen. Stat. § 7A-272(a), and a superior court then acquires jurisdiction of the action pursuant to N.C. Gen. Stat. § 7A-271(a), the two courts share concurrent jurisdiction over the action. *See State v. Karbas*, 28 N.C. App. 372, 373-74, 221 S.E.2d 98, 99-100 (1976) (recognizing that N.C. Gen. Stat. §§ 7A-271(a) and 7A-272 operate to give a district court and a superior court concurrent jurisdiction over the misdemeanor offense). The State may then choose to prosecute the action in either district court or superior court. I would therefore find that when defendant was indicted in superior court on 5 September 2006, the district court and superior court shared concurrent jurisdiction over the misdemeanor DWI action.

The next step in the proper analysis of this case is to determine whether the district court had jurisdiction to enter defendant's guilty plea on 27 November 2006. As explained above, the district court and superior court shared concurrent jurisdiction over the misdemeanor DWI action once defendant was indicted in superior court on 5 September 2006. We have previously stated that "[w]here two courts have concurrent jurisdiction of certain offenses, the court first exercising jurisdiction in a particular prosecution obtains jurisdiction to the exclusion of the other." *Karbas*, 28 N.C. App. at 374, 221 S.E.2d at 100. In addition, a district court will lose jurisdiction over the action if it enters a *nolle prosequi*, at which time the superior court may proceed with the action. *Id.* In the current case, the district court never entered a *nolle prosequi* before it accepted defendant's guilty plea. Therefore, we must determine whether the district court or the superior court first exercised its jurisdiction over the misdemeanor DWI action.

Defendant received a citation for the misdemeanor DWI offense on 7 January 2006. A citation "serves as the pleading of the State for a misdemeanor prosecuted in the district court." N.C. Gen. Stat. § 15A-922(a) (2007). Defendant was later indicted for the same

offense by the grand jury on 5 September 2006. An indictment serves as "[t]he pleading in felony cases and misdemeanor cases initiated in the superior court division." N.C. Gen. Stat. § 15A-923(a) (2007). Although these pleadings gave the district court and superior court concurrent jurisdiction over the misdemeanor DWI offense under N.C. Gen. Stat. §§ 7A-271(a) and 7A-272(a),[3] the district court was the first court to exercise its jurisdiction over the prosecution by accept-ing defendant's guilty plea on 27 November 2006.[4] The record suggests that the superior court did not actually attempt to exercise jurisdiction over the action until 2 April 2007, when defendant moved to dismiss, and subsequently pled guilty to, both the misdemeanor and felony DWI offenses. Therefore, under *Karbas,* the district court obtained jurisdiction *to the exclusion* of the superior court when it first exercised its concurrent jurisdiction in the action by accepting defendant's guilty plea on 27 November 2006. *Karbas,* 28 N.C. App. at 374, 221 S.E.2d at 100.

The next step in the analysis is to determine when jeopardy attached for the misdemeanor DWI offense. The well-settled rule in North Carolina is that

> jeopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) On a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case.

*State v. Ross,* 173 N.C. App. 569, 572-73, 620 S.E.2d 33, 36 (2005) (quoting *State v. Bell,* 205 N.C. 225, 228, 171 S.E. 50, 52 (1933)). In a criminal proceeding in district court, a valid citation charging an offense within the jurisdiction of the district court is sufficient to satisfy element one. *Cf. State v. Coats,* 17 N.C. App. 407, 415, 194 S.E.2d 366, 371 (1973) (stating that a valid warrant charging such an offense satisfies element one in a district court criminal proceeding). As dis-

---

3. We note that the issuance of a citation, or warrant, is not the same as an exercise of jurisdiction. *See State v. Austin,* 31 N.C. App. 20, 25, 228 S.E.2d 507, 511 (1976) (stating that "outstanding misdemeanor warrants, on which defendant has never been brought to trial, did not prevent the Superior Court from exercising its jurisdiction over the felony offenses.")

4. The district court may actually have exercised its jurisdiction over the misdemeanor DWI action months before it accepted defendant's guilty plea. The citation issued to defendant on 7 January 2006 instructed defendant to appear in district court at 9:00 a.m. on 28 February 2006. However, the record contains no evidence regarding what occurred at the 28 February 2006 hearing, nor does it contain evidence that the hearing actually took place.

cussed above, the district court had jurisdiction over the misdemeanor DWI action, thus satisfying element two. Element three was met when the State called upon defendant to plead to the offense in district court. *Id.* Element four was met when defendant entered his guilty plea in district court on 27 November 2006. Further, we have previously recognized that jeopardy may attach based on these four elements alone when a defendant pleads guilty to the offense charged. *See, e.g., Ross,* 173 N.C. App. at 573, 620 S.E.2d at 36.

It is true that although the district court accepted defendant's guilty plea, the district court also voided defendant's guilty plea before it issued a judgment and sentenced defendant in the misdemeanor DWI action. The North Carolina Supreme Court has previously implied that jeopardy attaches when a trial court accepts a defendant's guilty plea and sentences the defendant. *See State v. Wallace,* 345 N.C. 462, 467, 480 S.E.2d 673, 676 (1997) (holding that jeopardy did not attach when the trial court rejected the defendant's guilty plea and never imposed a sentence); *State v. Maynard,* 311 N.C. 1, 39-40, 316 S.E.2d 197, 218 (1984) (Frye, J., concurring in part and dissenting in part) (finding that jeopardy attached when the trial court accepted the defendant's guilty plea and sentenced the defendant); *State v. Johnson,* 95 N.C. App. 757, 760, 383 S.E.2d 692, 694 (1989) (finding that jeopardy attached when trial court adjudicated the defendant's plea and imposed a sentence). Our Supreme Court has not previously considered whether jeopardy attaches upon a trial court's acceptance of a defendant's guilty plea alone. However, our Court has recently stated that jeopardy attaches when a defendant's plea is accepted by the trial court. *See Ross,* 173 N.C. App. at 573, 620 S.E.2d at 36 (stating that jeopardy "attach[es] upon the court's acceptance of a plea of guilty"). In the current case, the plea adjudication form signed by the district court clearly states: "The defendant's plea is accepted by the Court and is ordered recorded." Therefore, I would hold that jeopardy attached on the misdemeanor DWI charge when the district court accepted defendant's guilty plea on 27 November 2006.

Finally, we must determine whether defendant was subject to double jeopardy in superior court for the offense to which he had previously pled guilty in district court.

Regarding the misdemeanor DWI offense, because the district court had accepted defendant's guilty plea, "the Double Jeopardy Clause of the North Carolina and United States Constitutions [protected defendant] against . . . a second prosecution after conviction

for the same offense." *Strohauer*, 84 N.C. App. at 72, 351 S.E.2d at 826. Therefore, the superior court erred by failing to dismiss the misdemeanor DWI charge on double jeopardy grounds.[5]

I would find that the superior court also erred by failing to dismiss the felony habitual DWI charge. Our Court has previously stated that "when an offense is a necessary element in and constitutes an essential part of another offense, and both are in fact only one transaction, a conviction or acquittal of one is a bar to a prosecution to the other." *State v. Urban*, 31 N.C. App. 531, 534, 230 S.E.2d 210, 212 (1976). In *Urban*, the defendant was charged with misdemeanor simple possession of marijuana, and was also indicted for unlawful and felonious possession of marijuana, possession with intent to sell marijuana, and possession with intent to manufacture marijuana. *Id.* at 532, 230 S.E.2d at 211. The defendant pled guilty in district court to the misdemeanor charge, and was sentenced based on his plea. *Id.* at 533, 230 S.E.2d at 211. When the defendant's felony case came to trial in superior court, the court dismissed each felony charge on double jeopardy grounds because each charge was a greater offense that included the lesser included offense of simple possession to which the defendant had already plead guilty. *Id.* This Court affirmed the superior court:

> To allow defendant's prosecution in superior court for the greater offense in this case would subject him to double jeopardy as to the lesser included offense. . . . The election to try defendant in district court for misdemeanor possession was perhaps an inadvertence in view of the apparent evidence which would support conviction of a felony in superior court. However, the State is bound by that election. It is true, as the State argues, that by defendant's plea to the lesser offense in district court he was not in jeopardy of the greater offense and harsher penalties of superior court. However, defendant has been convicted and punished already for the lesser offense . . . and to try defendant for the greater offense . . . would also subject defendant to trial of the lesser included offense for which he has been convicted already. Since in fact there was only one transaction this would be double jeopardy as to the lesser offense.

*Id.* at 536, 230 S.E.2d at 213.

5. Although the State ultimately dropped the misdemeanor DWI charge in exchange for defendant's guilty plea to the felony habitual DWI charge, defendant was still facing prosecution for both offenses at the time the superior court denied his motion to dismiss.

In the current case, jeopardy attached on the lesser included offense of misdemeanor DWI when defendant pled guilty in district court. For the superior court to have tried defendant for the greater offense of felony habitual DWI, arising from the same transaction, would have been to subject defendant to double jeopardy as to the lesser offense. Therefore, I would hold that the superior court erred by failing to dismiss the felony habitual DWI charge on double jeopardy grounds.

For the reasons stated above, I would vacate defendant's conviction for felony habitual DWI in case number 07 CRS 184.[6]

---

6. Defendant has suggested that this Court remand the case for resentencing in district court in accordance with defendant's 27 November 2006 guilty plea to misdemeanor DWI. However, I note that we are unable to order such a remedy. The only appeal taken in this case was defendant's appeal from the superior court's judgment in case number 07 CRS 184. Neither party has appealed from the district court's 29 December 2006 order in case number 06 CR 50233 striking defendant's guilty plea, albeit on erroneous grounds. Therefore, the district court's 29 December 2006 order should remain in effect.